(Nos. 45316, 45317 cons.

ROBERT E. CARVER, Appellant, v. RONALD F. GROSS-MAN, Admr., Appellee.—(Walter Bishop, Third-Party Appellant.)

*Opinion filed November 20, 1973.*

508

JOHN G. PHILLIPS, LTD., of Chicago (ELLIS B. ROSENZWEIG, of counsel), for appellant Robert E. Carver.

HINSHAW, CULBERTSON, MOELMANN, HOBAN & FULLER, and KLOHR, BRAUN, LYNCH & SMITH, both of Chicago (JOHN M. MOELMANN, THOMAS J. WEITHERS, and D. KENDALL GRIFFITH, of counsel), for third-party appellant Walter Bishop.

ROLLAND H. STIMSON, of Chicago, for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

The circuit court of Cook County following a bench trial entered judgment against the third-party defendant,

Walter J. Bishop and in favor of the third-party plaintiff, Ronald F. Grossman, Administrator of the Estate of Broadus J. Putnam, deceased, for the amount of a consent judgment which had been entered against Grossman in favor of the original plaintiff, Robert Carver, an employee of Bishop at the time of his injury. The circuit court also held that Bishop was not entitled to satisfy his lien for workmen's compensation payments that he had made to the plaintiff from this judgment. The appellate court affirmed the judgment against Bishop but modified it to provide for the payment to Bishop of his lien for workmen's compensation payments which had been made to the plaintiff Carver. (6 Ill. App. 3d 265.) We granted leave to appeal to Bishop from the affirmance by the appellate court of the judgment against him entered on the third-party complaint. We also granted Carver's petition for leave to appeal from that part of the order of the appellate court which allowed Bishop's lien for compensation payments to be satisfied from said judgment. The appeals have been consolidated in this court for argument and opinion.

On May 17, 1964, Carver was employed by Bishop in a gasoline service station. On that day Broadus J. Putnam took his 1951 Dodge, equipped with a manual transmission, to the service station. Bishop, the operator of the station, drove the automobile into a service bay and instructed Carver to change the oil and the oil filter. When Bishop got out of the car, he left the transmission in gear and the keys in the ignition, but the engine was turned off. He also did not place blocks in front of the wheels. While the car was being serviced, Putnam, the owner of the automobile, and Bishop, the operator of the service station, were in the general vicinity where the work was being performed. Just prior to the incident in question, Bishop and Putnam stood on the driver's side of the automobile while Carver stood in front of it. The hood was up and Carver was working under the hood. Bishop then

told Putnam to check his gas. While it is not clear whether or not Putnam got into the car, the evidence indicates and the trial court found that he did turn on the ignition. The car started and lurched forward pinning Carver and causing him injuries.

A workmen's compensation award in the amount of $22,976.39 was paid to Carver by Bishop's insurance carrier. Putnam then died and Carver instituted a common-law negligence action against Grossman as administrator for Putnam's estate. Grossman subsequently filed a third-party complaint against Bishop, the employer, based on an implied indemnity theory. The third-party complaint alleged that the estate was entitled to full indemnification in the event it was held liable to the original plaintiff, claiming that Putnam was passively negligent while Bishop, the employer, was actively negligent.

Carver agreed to settle his action against Grossman and a consent judgment in the amount of $75,000 was entered against the estate. The case then proceeded to trial on the third-party complaint, following which the court found that Bishop was actively negligent and Putnam was passively negligent and entered judgment on the third-party complaint in favor of Grossman and against the third-party defendant, Bishop, in the amount of $75,000. The court also denied Bishop's claim to be reimbursed for the workmen's compensation payments on the ground that section 5(b) of the Workmen's Compensation Act (Ill. Rev. Stat. 1963, ch. 48, par. 138.5(b)) does not authorize reimbursement to an employer whose negligence proximately caused the injury to the employee.

Illinois has long adhered to the rule that there can be no contribution among joint tortfeasors. (See *Nelson v. Cook (1856), 17 Ill. 443; Johnson v. Chicago and Pacific Elevator Co. (1882), 105 Ill. 462; Skala v. Lehon (1931), 343 Ill. 602; Miller v. DeWitt (1967), 37 Ill.2d 273.*) The wisdom of the rule and the reason for its continuance have been severely questioned. (See *Sargent v. Interstate Bak-*

*eries, Inc., 86 Ill. App. 2d 187; Moroni v. Intrusion-Prepakt, Inc., 24 Ill. App. 2d 534;* Prosser, Handbook of the Law of Torts (4th ed. 1971), sec. 50.) Whether the time has arrived or conditions are ripe for a modification of this rule through judicial decision or legislative enactment is a question not relevant to a decision in this case. (For a discussion of legislative changes in the rule in other jurisdictions, see Prosser, Handbook of the Law of Torts (4th ed. 1971), sec. 50; see also, Uniform Contribution Among Tortfeasors Act (1955), 9 U.L.A. 1967 Pocket Part 127.) The theory of implied indemnity has been applied judicially to mitigate the harsh effect that could result from an inflexible application of the rule which prohibits contributions. (*Muhlbauer v. Kruzel, 39 Ill.2d 226, 230;* see also *Gertz v. Campbell, 55 Ill.2d 84.*) We are called upon by the third-party complaint in this case to again apply the theory of implied indemnity.

This theory has been used to cover a variety of situations (see Feirich, Third-Party Practice, 1967 U. Ill. L.F. 236, 242). Where indemnity has been allowed the conduct of the indemnitor has usually been characterized as the primary cause or active negligence while that of the indemnitee has been characterized as the secondary cause or passive negligence. (*Chicago and Illinois Midland Ry. Co. v. Evans Construction Co., 32 Ill.2d 600.*) In this case the third-party plaintiff, Grossman, has chosen to characterize the conduct of the third-party defendant, Bishop, as active negligence and that of the decedent, Putnam, whose estate he is administering, as passive negligence. Although these terms have not obtained precise judicial definition, previous decisions fairly well delineate the areas wherein conduct may be termed active or passive negligence.

Consideration must also be given to section 25(2) of the Civil Practice Act concerning third-party proceedings which states: "Nothing herein *** creates any substantive right to contribution among tortfeasors *** which has not heretofore existed." (Ill. Rev. Stat. 1969, ch. 110, par.

25(2).) In light of this statutory language and the general rule against contribution the facts of the case must clearly justify indemnification. If they do not, the net effect of the application of the implied indemnity theory will be not only to allow contribution but to permit the total shifting of responsibility to one negligent party while permitting the other to totally escape the responsibility for his negligent conduct.

We feel that the evidence in this case fails to establish Grossman's right to indemnity from Bishop, the owner of the service station, because the evidence clearly establishes that his decedent, Putnam, was himself guilty of active negligence. Grossman has oversimplified the facts in asserting that Bishop created the hazardous condition and Putnam merely failed to discover the condition in which Bishop had left the car. He further contends that Putnam performed "the usually harmless act of turning an ignition key," which under the circumstances of this case proved not to be "the usually harmless act."

Assuming the correctness of the court's finding that Bishop breached his duties to the plaintiff by leaving the car in gear and by failing to block the motor vehicle so that it could not move forward, it cannot be said that Putnam's breach of his duty to the plaintiff was so minor or insignificant as to permit a total shifting of the responsibility for Carver's injury from him to Bishop. It is not clear from the evidence whether Putnam got into the automobile before he turned on the ignition or whether he did so by reaching through the left window. The plaintiff, Carver, insists Putnam did not get into the car. In either case, the fact remains that it was his automobile and he knew or should have known that the engine could be started by turning the ignition key. He also knew or should have known that when an automobile with a manual transmission is in gear and the engine starts without having the clutch depressed, the automobile will move. The mere fact that he was responding to a suggestion by Bishop to

check his gas did not absolve him of the responsibility to use reasonable care for the safety of Carver whom he knew was in front of the vehicle and working under the hood. There is no evidence that Bishop told Putnam to start the car. He only told him to "check the gas." It was the negligent act of Putnam in starting the engine while the car was in gear without depressing the clutch or applying the brake that caused the car to move forward and strike Carver. We cannot characterize this negligence as passive so as to permit the shifting of the entire responsibility from him to Bishop for injuries to which he very substantially contributed. It cannot be said that the principal or moving cause of the injury was the act of Bishop and that Putnam simply failed to discover or correct the situation which Bishop had created. Nor can Bishop be said to be the "principal wrongdoer" or the one whose wrong has been principally responsible for the injury. (See *Union Stock-yards Co. of Omaha v. Chicago, Burlington, & Quincy R.R. Co., 196 U.S. 217, 49 L. Ed. 453.*) In *Chicago and Illinois Midland Ry. Co. v. Evans Construction Co., 32 Ill.2d 600,* this court held that in light of the fact that both tortfeasors owed the plaintiff the same duty which they both breached, there could be no total shifting of responsibility from one to the other.

The contention of Grossman is similar to that of the third-party plaintiff in *Gillette v. Todd, 106 Ill. App. 2d 287.* In that case a school teacher was injured when an employee of the defendant opened the door in the school house causing the door to strike the teacher. The teacher brought suit against the defendant for her injuries and the defendant filed a third-party complaint against the school district alleging that the injury was due to the active negligence of the school in designing, constructing and equipping the door which struck the plaintiff. The court observed that it was apparent that the conduct of the defendant, if found to be negligence in the principal action, could only be classified as active negligence and

that it was not the condition of the door alone which caused injuries to the plaintiff. It, at the very least, required the active and potentially negligent act by the defendant to cause the injury. The court observed that if the defendant was in fact guilty of active negligence, there could be no indemnity from the school district irrespective of whether the negligence of the school district was classified as active or passive. 106 Ill. App. 2d at 293.

Although in our case the particular duty owed to Carver by Bishop and Putnam may not have been identical as in *Chicago and Illinois Midland Ry. Co.*, both parties were nevertheless under a duty to exercise the same standard of care toward Carver. Putnam was not relieved of his duty to use reasonable care for Carver's safety in the operation of his car. Adopting the reasoning of *Gillette*, the situation created by Bishop, at the very least, required the active violation by Putnam of the duty which he owed to Carver in order to cause the injury. This cannot be characterized as passive negligence so that he can totally escape responsibility for his wrongful act. If Putnam was guilty of active negligence he is not entitled to indemnity whether Bishop's negligence is termed active or passive.

Grossman has cited *Sargent v. Interstate Bakeries, Inc., 86 Ill. App. 2d 187,* and *Reynolds v. Illinois Bell Telephone Co., 51 Ill. App. 2d 334,* as cases which hold that a negligent act may be nonetheless passive although it constitutes the physical action necessary to bring about an injury. It should be noted that both of these cases were still at the pleading stage when they were reviewed by the appellate court. In both cases the third-party plaintiff alleged that it was passively negligent in parking near a crosswalk where the plaintiff was injured as a result of the third-party defendant's active negligence. The court in *Sargent* hypothesized on varied factual patterns and concluded that under certain circumstances the illegally parked vehicle, although constituting inactive conduct, could actually constitute active negligence as against the

possible passive negligence of a passing motor vehicle. We do not think these cases support the third-party plaintiff's cause in this case, for here the facts have been established and show that Putnam was actively negligent.

We do not agree with the trial court's holding that Bishop's negligence precludes him from asserting a lien under the provisions of section 5(b) of the Workmen's Compensation Act. Prior to 1959 the statute provided:

> "(b) Where the injury or death for which compensation is payable under this Act *was not proximately caused by the negligence of the employer or his employees* and was caused under circumstances creating a legal liability for damages on the part of some person other than the employer to pay damages, then legal proceedings may be taken against such other person to recover damages ***. In such case, however, if the action against such other person is brought by the injured employee *** and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee *** there shall be paid to the employer the amount of compensation paid *** to such employee ***." (Emphasis added.) Ill. Rev. Stat. 1957, ch. 48, par. 138.5(b).

The emphasized portion of the statute, as it read prior to 1959, was interpreted to mean that the employer or his employees had to be free from negligence in order for the employer to recover a claim for compensation paid in an action against a third party. *Ketler Co. v. Industrial Com., 392 Ill. 564; Rylander v. Chicago Short Line Ry. Co., 17 Ill.2d 618.*

In 1959 (Laws of 1959, p. 1734), the legislature amended section 5(b) by deleting the language "*** was not proximately caused by the negligence of the employer or his employees ***" and we would be doing great violence to the plain meaning of the statute as it now reads to hold that the employer who is negligent may not claim reimbursement or a lien for reimbursement. See *Blanski v. Aetna Casualty and Surety Co., 287 F.2d 113; Reeves v. Tepen, 131 Ill. App. 2d 1004.*

Grossman contends that regardless of the deletion of the questioned language from the statute the principles of common-law subrogation prevent a negligent employer from recovering for injuries brought about by his own negligence. We do not agree. The remedy which Bishop seeks to enforce exists by virtue of the statute which covers various contingencies set out in section 5(b) that may be involved in asserting claims against third parties for injuries to an employee. We think that the legislature, in deleting the questioned language from the statute, clearly intended to remove the requirement that the employer be free from negligence which caused the injury as a condition precedent to the right of recovery in the various situations set forth.

We hold therefore that an employer, whether negligent or not, has a right to recover, under the provisions of section 5(b), compensation payments which he has made to an injured employee.

It appears from the record that the attorneys in both the original action and the third-party action engaged in extensive settlement negotiations. There is a genuine question as to whether the employer Bishop during the course of these negotiations waived his statutory right to reimbursement for workmen's compensation benefits paid to his employee, Carver. The question was clearly raised in Grossman's answer to the post-trial motion. Also, an affidavit filed in support of Grossman's answer to the post-trial motion by the attorney for the plaintiff Carver stated: "*** [T]hat in reliance upon *** [the] *** waiver of the compensation claim by Bishop, plaintiff agreed to reduce his minimum demand of $100,000 in settlement of the instant case to $75,000, thereby reducing and reflecting the amount of compensation which plaintiff would not be obliged to repay." The trial court did not have to reach the issue of waiver in its memorandum opinion since it only decided the question of whether an employer's negligence bars reimbursement. Therefore, a

hearing is required on the issue of whether Bishop did in fact waive his claim for lien during the settlement negotiations.

The judgment of the appellate court is reversed and the cause is remanded to the circuit court of Cook County with directions to proceed in accordance with the provisions of this opinion.

*Reversed and remanded, with directions.*