(No. 49508.⬛

WINIFRED B. KENDALL *et al.*, Appellants, v. BLAINE W. KENDALL, Appellee.

*Opinion filed March 23, 1978.—Rehearing denied May 26, 1978.*

Eagle & Eagle, of Rock Island (Edw. L. Eagle, Jr., of counsel), for appellant.

Robert G. Scott, of Rock Island, for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

The circuit court of Mercer County dismissed that portion of a complaint in which the plaintiffs, Winifred B. Kendall, widow of Meigs W. Kendall, and Larene K. Lingafelter, Drucilla K. Martin and Idamae K. Kelly, his surviving daughters, sought rescission of the conveyances of a farm to defendant, Blaine W. Kendall, the son of decedent. Pursuant to Supreme Court Rule 304(a) (58 Ill. 2d R. 304(a)) the circuit court found that there was no just reason for delaying enforcement or appeal. Plaintiffs appealed, the appellate court affirmed (46 Ill. App. 3d 559), and we allowed plaintiffs' petition for leave to appeal.

The order of dismissal having been entered upon allowance of the motion to dismiss filed by defendant, Blaine W. Kendall, all facts properly pleaded in the complaint must be taken as true. (*Acorn Auto Driving School, Inc. v. Board of Education* (1963), 27 Ill. 2d 93, 96.) It was alleged in the complaint that in 1945 Meigs W. Kendall, husband of plaintiff Winifred B. Kendall, and father of the defendant and the remaining plaintiffs, died intestate; that at the time of his death he owned the farm described in the complaint; that in order to insure that the

widow would have adequate support during her lifetime and that the decedent's daughters would receive a share of his estate, the parties entered into a settlement agreement; that copies of the agreement, the deeds, and a form of the notes executed in compliance with the agreement were attached to the complaint as exhibits; that in disregard of the agreement the defendant has taken possession of the farm, collected the rents and profits, and has refused to account for and pay them over to the plaintiff widow; and that he has refused to pay the other plaintiffs the sums due under the terms of said notes.

Attached to the complaint as exhibits are a quitclaim deed executed by the plaintiffs and their respective spouses conveying their interests in the real estate to the defendant, a deed by means of which defendant conveyed a life interest in the real estate to the plaintiff widow and a copy of one of the three notes executed by defendant, payable to the order of his three sisters.

An amended complaint which plaintiffs were denied leave to file contained substantially the same allegations but also alleged "That in order to provide his mother with adequate support for the duration of her life, Blaine W. Kendall promised to operate and manage said farm and pay the rent therefrom to his mother ***."

In affirming the order of dismissal the appellate court stated that the written agreement between the parties was complete and unambiguous, that it contained no provision which required defendant to support his mother for the remainder of her life, and that an obligation to support his mother could not be proved by parol evidence.

Plaintiffs contend that when a parent conveys property to a child in consideration of the child's promise to support the parent, and the child fails to carry out the promise, equity will presume a fraudulent intent at the time of the conveyance and will grant relief to the parent by allowing rescission of the contract. They contend

further that the long-established rule in this jurisdiction is that parol evidence is admissible to show the true and actual consideration of a deed of conveyance and that they can, under this rule, prove that the promise to support was the consideration for the execution of the conveyances. They argue that the appellate court erred in holding that although this rule is generally applicable, it is not here applicable for the reason that the underlying agreement sought to be proved by parol evidence was a written, rather than an oral, agreement.

Both the deed by means of which plaintiffs conveyed their interests in the farm to defendant and the deed by means of which defendant and his wife conveyed a life estate to the plaintiff, Winifred B. Kendall, recite that the consideration was "One dollar and other good and valuable considerations."

Plaintiffs are correct in their contention that the long-established rule is that the real or actual consideration for a deed of conveyance may be shown by parol or extrinsic evidence. Here the extrinsic evidence of the consideration for the execution of the conveyances admissible under the rule was the written agreement entered into between the parties, in compliance with which the conveyances were executed. The rule, however, does not serve to render admissible parol evidence to vary the terms of that written agreement. See 9 Wigmore, Evidence 109 (3d ed. 1940).

The rule which determines whether parol evidence is admissible to vary the terms of the written agreement is stated in *Telluride Power Transmission Co. v. Crane Co.* (1904), 208 Ill. 218. The court said: "The rule is, that when the writings show, upon inspection, a complete legal obligation, without any uncertainty or ambiguity as to the object and extent of the engagement, it is conclusively presumed that the whole agreement of the parties was included in the writings. The fact that a point has been

omitted which might have been embodied therein will not open the door to the admission of parol evidence in that regard. *** The rule is too well recognized to require citation of authorities that all preliminary negotiations, whether oral or written, are merged in the written contract." 208 Ill. 218, 226-27.

An examination of the written agreement between the parties shows it to be complete and unambiguous. It contains no agreement for the support of plaintiff, Winifred B. Kendall, during her lifetime, and neither the complaint nor the amended complaint alleges any facts which would entitle plaintiffs to vary the terms of the written agreement by parol evidence.

For the reasons stated, the judgment is affirmed.

*Judgment affirmed.*