GEORGE FELTY, Plaintiff-Appellee, v. GENERAL TELEPHONE COMPANY OF ILLINOIS, Defendant-Appellant.

Fifth District   No. 75-106

Opinion filed June 26, 1979.

Charles R. Jelliffe, of Jelliffe & Ferrell, of Harrisburg, for appellant.

Harris and Lambert, of Marion, for appellee.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

In *Felty v. General Telephone Co.* (1977), 47 Ill. App. 3d 427, 362 N.E.2d 43, this court, with one judge dissenting, reversed a judgment in favor of the plaintiff and against the defendant on the ground that certain acts of defendant's co-defendants constituted superseding or intervening causes which relieved the defendant telephone company of liability. In *Felty v. New Berlin Transit, Inc.* (1978), 71 Ill. 2d 126, 374 N.E.2d 203 (General Telephone Company of Illinois, Appellee), the supreme court reversed our decision, holding that the claimed negligence of the defendant was a question of fact for the jury despite the negligence of the other defendants. Since we held that the defendant was not liable as a matter of law, we did not consider other issues raised by the defendant. Accordingly, the supreme court remanded the case to this court for consideration of those issues.

General Telephone contends that a loan receipt entered into between the plaintiff and four other defendants is void as against public policy.

The jury returned a verdict in favor of the plaintiff and against all five original defendants to the suit, New Berlin Transit, Inc., General Telephone Company of Illinois, G & L Corporation, Bobby R. Surratt, and

Equipment Trucking Company, Inc., in the amount of $950,000, jointly. Subsequent to the judgment, the plaintiff then offered to release all five defendants from the judgment in consideration of a payment to him and his wife in the total sum of $750,000. The other four defendants, New Berlin Transit, G & L Corporation, Bobby R. Surratt, and Equipment Trucking Company, thereafter made such payment of $750,000 to the plaintiff and his wife as a loan. These parties then executed a certain loan receipt agreement. Pursuant to the terms of the agreement, the plaintiff vacated the judgment against these four defendants and proceeded solely against General Telephone Company of Illinois. Pursuant to the terms of the agreement, the plaintiff is under no duty to repay the loan, to pay no interest, but is under a duty to fully prosecute his judgment against General Telephone Company of Illinois and if he is ultimately successful, he is under a duty to repay the $750,000 to the other four defendants.

In its post-trial motion the defendant General Telephone moved the court to enter an order releasing it from the judgment, interest and costs, for the reason that the payment in response to the offer of settlement by the plaintiff constituted a complete accord and satisfaction of the judgment. In the alternative, if such payment did not constitute a complete satisfaction of the judgment, then the defendant moved the court to enter an order reducing the amount of the judgment to $200,000 under the theory that the payment was a partial satisfaction of the judgment.

The court denied the relief requested.

Since this loan receipt was entered after judgment in this case, it is void and the money advanced to the plaintiff is a partial satisfaction of plaintiff's judgment. *Rucker v. Norfolk & Western Ry. Co.* (1978), 64 Ill. App. 3d 770, 381 N.E.2d 715; *Kerns v. Engelke* (1977), 54 Ill. App. 3d 323, 369 N.E.2d 1284, *aff'd* (1978), 71 Ill. 2d 598.

The other issues presented by this appeal have been discussed in detail by the dissenting justice in this court's first opinion in this cause. (*Felty v. General Telephone Co.* (1977), 47 Ill. App. 3d 427, 362 N.E.2d 43.) We adopt the statements contained in that dissent as the opinion of this court on those other issues.

For the foregoing reasons the judgment against defendant is reduced to the sum of $200,000 and as so reduced is affirmed.

Judgment affirmed as modified.

KARNS and JONES, JJ., concur.