JOSEPHINE JACKSON *et al.*, Plaintiffs, *v.* BURLINGTON NORTHERN, INC., *et al.*, Defendants-Appellants.—(MICHAEL FILKER, Plaintiff-Appellee.)

Third District   No. 79-458

Opinion filed May 14, 1980.—Rehearing denied July 3, 1980.

Davis & Morgan, of Peoria, and Barash & Stoerzbach, of Galesburg, for appellants.

Robert D. Jackson, of Westervelt, Johnson, Nicoll & Keller, and Harold N. O'Hara, both of Peoria, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This appeal arises from a judgment of the circuit court of Fulton County dismissing defendants-appellants' counterclaim against plaintiff-appellee. On June 3, 1974, plaintiff-appellee Michael Filker was driving his car west on Holly Street in Canton near the intersection of that street and the Burlington Northern railroad tracks. Riding as a passenger in Filker's car was plaintiff Josephine Jackson. Plaintiffs' complaint alleges that the crossing was out of repair and that when Filker's car reached the crossing, the undercarriage on the car violently struck the crossing. It is alleged that as a result, Jackson was thrown from the car and injured. As a result, Filker and Jackson sued Burlington Northern, Inc. (Burlington), and the City of Canton (Canton).

The defendants, Burlington and Canton, filed separate answers in which they denied the allegations of negligence. Later they each filed separate amended counterclaims against Filker, the driver of the car, seeking indemnity against Filker for any sums which might be adjudged against them. Filker moved to dismiss the counterclaims and, after a hearing, the trial court allowed the motion and entered judgment for counterdefendant Filker. The judgment order included a finding pursuant to Supreme Court Rule 304 that there was no just reason for delaying enforcement or appeal of the order and thereafter the appeal was perfected. The only issue on appeal is whether or not the amended counterclaims state a cause of action against the counterdefendant, Michael Filker. We affirm.

■■ The order of dismissal having been entered upon allowance of the motion to dismiss filed by counterdefendant, all facts properly pleaded by the counterclaim must be taken as true. (*Kendall v. Kendall* (1978), 71 Ill. 2d 374, 375 N.E.2d 1280.) Thus it must be taken as true for the purposes of this appeal that Filker drove his motor vehicle (a) at a speed in excess of that which was reasonable and proper and at a speed which endangered the safety of Josephine Jackson; (b) without observing the condition of the roadway as it crossed the railroad tracks and without keeping a safe and proper lookout for the condition of Holly Street; and (c) without keeping his vehicle under a safe or proper control.

On the basis of these facts, Burlington and Canton seek indemnity from Filker for any sums which they may be compelled to pay to Jackson

on account of the charge that they had allowed the crossing to fall into disrepair. To warrant dismissal of defendants' counterclaims at the pleadings stage of the case, it must appear from the pleadings that "in no event" would the counterclaimants have an action against Filker. (*Miller v. DeWitt* (1967), 37 Ill. 2d 273, 226 N.E.2d 630.) We believe that such is the case here.

Burlington and Canton seek indemnity on a theory of active-passive negligence. They argue that a jury might find that Filker was guilty of active or primary negligence and that defendants were guilty of passive or secondary negligence. They base this contention on the fact that Filker was driving a car over the tracks and therefore, if Filker is found to be negligent, then this is active negligence. They argue that, in contrast, the negligence charged against defendants is a failure to maintain the tracks and that, since it was inaction which created the condition, they are only guilty of passive negligence.

■■■ The problem with this analysis is that a determination of active and passive negligence is not a matter of proceeding according to the usual dictionary definitions of the words "active" and "passive." These words are terms of art and must be applied in accordance with concepts worked out by courts of review on a case-by-case basis. Under certain circumstances, inaction or passivity in the ordinary sense may well constitute active negligence. (*Moody v. Chicago Transit Authority* (1974), 17 Ill. App. 3d 113, 307 N.E.2d 789.) We believe that where there is a duty to inspect and maintain railroad tracks and failure to perform this duty proximately causes injury to the plaintiff, such conduct must be considered active negligence.

■■ This case was filed before *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 373 N.E.2d 437, which permitted contribution and, therefore, must be decided under the rule that contribution is nonexistent between joint tortfeasors. Under a rule of no contribution, indemnification may be permitted only where the facts of the case clearly justify it. (*Carver v. Grossman* (1973), 55 Ill. 2d 507, 305 N.E.2d 161.) There can be no action for indemnity unless there is a qualitative distinction between the negligence of the two tortfeasors. *Preston v. City of Chicago* (1975), 34 Ill. App. 3d 322, 340 N.E.2d 251.

■■ In the instant case no such distinction exists. As discussed previously, if the jury should find that Burlington and Canton were negligent in failing to maintain the railroad tracks and this was a proximate cause of the injury, then this would have to be considered active negligence. As such there would be no qualitative distinction between it and any negligence the jury found on the part of the driver, Filker. Both parties' negligence would have proximately caused the injury. In the absence of a qualitative

distinction, no action for indemnity can lie. Therefore, the trial court was correct in dismissing defendant's counterclaim for indemnity.

For the abovementioned reasons the judgment of the circuit court of Fulton County is affirmed.

Affirmed.

STENGEL, J., concurs.

Mr. JUSTICE BARRY, dissenting:

I must dissent from the opinion of my colleagues because I believe that the defendants' third-party complaints against Filker should not have been dismissed for failure to state a cause of action.

As the majority points out, this case was filed prior to the supreme court's decision in *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 373 N.E.2d 437, which recognized the existence of contribution between joint tortfeasors in the State of Illinois. However, because neither *Skinner* nor its subsequent codification (Pub. Act 81-601, eff. September 14, 1979), are to be given retrospective application, this case is to be decided under pre-*Skinner* law.

One of the devices utilized by the courts prior to *Skinner* to mitigate the harshness of the noncontribution doctrine was the principle of implied indemnification between joint tortfeasors based upon theories of active and passive negligence. "[W]here the defendant in the original action is guilty of only passive negligence and the defendant in the third-party action is guilty of active negligence, the defendant in the original action may recover from the defendant in the third-party action the amount of the judgment rendered against the defendant in the original action." *Trzos v. Berman Leasing Co.* (1967), 86 Ill. App. 2d 176, 181, 229 N.E.2d 787, 790.

In the case at bar, both the trial court and the majority conclude on the basis of the pleadings alone that Burlington Northern and Canton's failure to maintain the crossing constituted active negligence, and that consequently no third-party action could be maintained by them against Filker, the driver of the automobile. I believe, however, that under these facts dismissal of the third-party plaintiffs' complaints without any evidence having been heard on the issue of active/passive negligence was premature and clearly erroneous. On this point, the following statement made by the court in *Sargent v. Interstate Bakeries, Inc.* (1967), 86 Ill. App. 2d 187, 200, 229 N.E.2d 769, 775-76, is particularly apropos:

> "Of course, a third-party complaint may be dismissed if it fails to state a cause of action. But motions to dismiss such complaints before evidence is heard must be examined with circumspection.

Pleadings do not always reveal with certainty the relative degrees of negligence of either the third-party plaintiff or defendant. Allegations of negligence in either the original or the third-party complaint may not be substantiated, some may be withdrawn, others may be added to conform to proof; factual questions may be raised by conflicting testimony or disputed evidence. In many of these cases it is only after evidence has been heard that a court can decide with reasonable accuracy whether a third-party complaint should be dismissed or the issues passed upon by the jury."

The case of *Gillette v. Todd* (1969), 106 Ill. App. 2d 287, 245 N.E.2d 923, fully supports this view. In *Gillette*, the plaintiff school teacher was injured when Todd, an employee of the defendant Suburban Oil Company, struck her while opening a door in a school building. Gillette subsequently brought a personal injury action against both Todd and Suburban Oil. The defendants then brought a third-party action against the school district, alleging that the injury to the plaintiff was due to the active negligence of the third-party defendant in designing, constructing, and equipping the door which caused the injury. On motion of the school district, the trial court dismissed the third-party action on the grounds that the third-party plaintiffs and third-party defendants were joint tort-feasors, and no contribution could be had.

On appeal, the appellate court affirmed the dismissal of the complaint, finding that the negligence of the original defendants was necessarily active, and they "obviously had no possibility of recovery as against the school district." (106 Ill. App. 2d 287, 294, 245 N.E.2d 923, 927.) However, Justice Alloy, writing for the majority, then went on to state, "If the original action had been against the school district, and it filed a third-party complaint as against Todd and Suburban Oil, then it would be necessary to hear the evidence to determine if the conduct of the school was active or passive on the basis of the record before us." (106 Ill. App. 2d 287, 294, 245 N.E.2d 923, 927). This is exactly the situation in the instant case. Taking the facts alleged in Burlington Northern and Canton's third-party complaints as true, it is clear Filker's actions constituted active negligence, as it was his physical act which primarily caused the injury to the plaintiff. Had Jackson originally brought a personal injury action against Filker, no third-party action against the railroad for indemnification could be maintained, whether the negligence of the railroad and the city is classified as active or passive. (*Gillette; Chicago & Illinois Midland Ry. Co. v. Evans Construction Co.* (1965), 32 Ill. 2d 600, 208 N.E.2d 573). However, the plaintiff's original action was not against Filker, but against Burlington Northern and the City of Canton which then brought a third-party action against the driver. Following *Gillette* I

972

believe that evidence must be heard before the third-party plaintiffs' conduct can be classified as either active or passive on these facts. To dismiss the third-party plaintiffs' complaints without hearing evidence, when on its face it shows a possibility of recovery, was erroneous. *Trzos.*

I would reverse the order of the circuit court dismissing Burlington Northern and Canton's third-party complaints for indemnification, and remand this cause with directions to the circuit court to reinstate the third-party plaintiffs' complaints.