GENERAL TELEPHONE COMPANY OF ILLINOIS, Plaintiff-Appellant, *v.*
NEW BERLIN TRANSIT, INC., *et al.*, Defendants-Appellees.

Fifth District   No. 5—83—0488

Opinion filed August 7, 1984.

Charles R. Jelliffe, of Jelliffe, Ferrell & Morris, of Harrisburg, for appellant.

Feirich, Schoen, Mager, Green & Associates, of Carbondale, for appellee G & L Corporation.

William J. Novick, of Fowler & Novick, of Marion, for appellee N. G. Gilbert Corporation.

John E. Jacobsen and Carl L. Favreau, both of Campbell, Furnall, Moore & Jacobsen, of Mt. Vernon, for appellees New Berlin Transit, Inc., Equipment Trucking Co., and Bobby R. Surratt.

JUSTICE KASSERMAN delivered the opinion of the court:

Plaintiff, General Telephone Company of Illinois, appeals the trial court's dismissal of its indemnity action against defendants, N. G. Gilbert Corporation, New Berlin Transit, Inc., G & L Corporation, and others. All the parties specifically mentioned above have filed briefs in the present cause, and the issue presented is whether the plaintiff's amended complaint fails to state a cause of action.

On June 17, 1974, a verdict was returned in favor of George Felty and jointly against plaintiff and all defendants in the present action except N. G. Gilbert Corporation. Felty was awarded $950,000 damages for personal injuries. N. G. Gilbert Corporation was not a party to the personal injury action brought by Mr. Felty. The amended complaint upon which the verdict was returned alleged that the instant plaintiff, General Telephone Company, was guilty of "one or more or all of the following negligent acts or omissions to act ***:

> (g) Allowed the telephone wire to extend across said public highway at a height of less than eighteen feet above the roadway surface, in violation of the minimum required heights as set forth in Rule 232 of the Rules for Construction of Electric Power and Communication Lines, being General Order 160-Revised of the Illinois Commerce Commission, and Rule 232 of the Safety Rules for the Installation and Maintenance of Electric Supply and Communication Lines of the U.S. Department of Commerce, National Bureau of Standards.

> (h) Allowed the telephone wire to extend across and above the public highway at a height of approximately seventeen feet above the roadway surface when they knew or should have known that lowboy trucks carrying circuit breakers approximately eighteen or nineteen feet high, including the truck on which plaintiff was riding, were likely to move thereunder on said roadway.

> (i) Failed to raise the said telephone wire to a safe height above the surface of the roadway.

> (j) Failed to inspect the height of the wire over the roadway to determine whether or not said wire was less than 18 feet above the roadway."

General Telephone Company of Illinois, plaintiff in the case at bar, perfected an appeal from the judgment entered in Mr. Felty's favor, and we reversed that judgment in *Felty v. General Telephone Co.* (1977), 47 Ill. App. 3d 427, 362 N.E.2d 43. The decision of this court, however, was reversed by the supreme court in *Felty v. New Berlin Transit, Inc.* (1978), 71 Ill. 2d 126, 374 N.E.2d 203. Mr. Felty's action

again appeared on review in *Felty v. General Telephone Co.* (1979), 73 Ill. App. 3d 572, 392 N.E.2d 311. On that occasion we considered the propriety of a loan receipt agreement entered into between Mr. Felty and defendants, New Berlin Transit, Inc., G & L Corporation, Bobby R. Surrat and Equipment Trucking Company, Inc., whereby Mr. Felty was to receive $750,000 in return for the vacation of Mr. Felty's judgment against those defendants. Although the loan receipt agreement was determined to be void by this court in that appeal, the funds advanced to Mr. Felty were found to be a partial satisfaction of his judgment, resulting in a reduction of the judgment to $200,000. 73 Ill. App. 3d 572, 572-73, 392 N.E.2d 311, 312-13.

The appeal now before us arises out of a suit brought by plaintiff against its codefendants in Felty's original action and also against N. G. Gilbert Corporation on the concept of implied indemnity, based on the doctrine of active-passive negligence. (See *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 374 N.E.2d 437, *cert. denied, sub nom. Hinckley Plastic, Inc. v. Reed-Prentice Division Package Machinery Co.* (1978), 436 U.S. 946, 56 L. Ed. 2d 787, 98 S. Ct. 2849; *Lundy v. Whiting Corp.* (1981), 93 Ill. App. 3d 244, 257, 417 N.E.2d 154, 165.) Defendants' motions to dismiss plaintiff's suit on the ground that the complaint failed to establish a right to indemnity were granted by the trial court. Plaintiff has perfected this appeal.

In its amended complaint plaintiff alleged: (1) that plaintiff owned and maintained a certain steel wire messenger cable which ran across and above Kathryn Street in Metropolis, Illinois; (2) that George Felty was employed as an electrical lineman for the N.G. Gilbert Corporation for the purpose of raising plaintiff's wire messenger cable; (3) that defendants, New Berlin Transit, Inc., Equipment Trucking Company, Inc., Bobby R. Surrat, G & L Corporation, and Gerald Boblitt, were engaged in transporting oil circuit breakers through the city of Metropolis; (4) that Mr. Felty was seriously injured when an oil circuit breaker which was being transported by truck and upon which Mr. Felty was riding collided with plaintiff's wire messenger cable; and (5) that it was defendants who supervised and directed the work involved when Mr. Felty was injured and that "the negligence adjudicated by the jury in said cause of this plaintiff was merely secondary and passive."

Plaintiff urges that no issue was ever submitted to a jury in order for it to determine the qualitative difference in the conduct of the parties and that it was entitled to an evidentiary hearing on such issue. Plaintiff contends that it was therefore error for the trial court to dis-

miss its complaint on the pleadings. It is plaintiff's position that only after reviewing all the testimony and evidence elicited at trial could the trial court make a proper determination regarding plaintiff's right to indemnification. Defendants argue that plaintiff was not entitled to indemnification because plaintiff was actively, and not passively, negligent and this fact was discernible from the pleadings. We affirm.

■ As stated by our supreme court, recovery on the concept of implied indemnity based on the active-passive negligence doctrine had been "utilized [in Illinois] to mitigate the harsh effects that could result from an inflexible application of [the] judicially created bar to contribution [between tortfeasors]." (*Muhlbauer v. Kruzel* (1968), 39 Ill. 2d 226, 230, 234 N.E.2d 790, 792.) Parenthetically, the suit upon which the instant appeal is based was instituted prior to the decision in *Skinner*, in which the right of contribution between tortfeasors was first recognized in Illinois; therefore, the appeal in the case at bar is governed by the law in effect prior to *Skinner*.

■ At the time when the instant suit was filed, indemnification predicated upon the active-passive theory was available only when the party seeking indemnification was passively negligent and the party against whom indemnification is sought was actively negligent. (*Preston v. City of Chicago* (1975), 34 Ill. App. 3d 322, 326, 340 N.E.2d 251, 254; see *Jackson v. Burlington Northern, Inc.* (1980), 84 Ill. App. 3d 967, 969, 405 N.E.2d 805, 806-07.) While there can be no indemnification where the party seeking indemnity is guilty of a breach of an affirmative duty to the plaintiff in the underlying action (*Long v. Bucyrus-Erie Co.* (1983), 112 Ill. App. 3d 578, 584, 445 N.E.2d 934, 938; *Crum v. Gulf Oil Corp.* (1979), 70 Ill. App. 3d 897, 901, 388 N.E.2d 1008, 1012), a third-party complaint should not be dismissed unless it appears from the pleadings that the third-party plaintiff would have no right of recovery against the third-party defendant. (*Donaldson v. Holy Family Hospital* (1981), 94 Ill. App. 3d 285, 288, 418 N.E.2d 873, 875; *Peterson v. Tam O'Shanter Racquet Club, Inc.* (1980), 90 Ill. App. 3d 1029, 1031, 414 N.E.2d 181, 183.) Therefore, it must first be determined whether plaintiff in the case at bar was guilty of "active" negligence.

■ Whether plaintiff was guilty of such a degree of negligence is dependent upon the particular facts of the case at bar (see *Long v. Bucyrus-Erie Co.* (1983), 112 Ill. App. 3d 578, 445 N.E.2d 934), and it is noteworthy that inaction or passivity in the ordinary sense may constitute active negligence which would preclude indemnification. (*Jackson v. Burlington Northern, Inc.* (1980), 84 Ill. App. 3d 967, 405 N.E.2d 805; *Moody v. Chicago Transit Authority* (1974), 17 Ill. App.

3d 113, 117, 307 N.E.2d 789, 792-93.) We conclude that such a situation exists in the case under consideration. The complaint in the underlying action charged that plaintiff was guilty of a breach of an affirmative duty, imposed by State and Federal regulations, to maintain its wire at a height of at least 18 feet above the roadway. Before returning its verdict against this plaintiff, the jury of necessity must have determined these allegations to be true, and plaintiff is now bound by this determination. (See *Radosta v. Chrysler Corp.* (1982), 110 Ill. App. 3d 1066, 1069, 443 N.E.2d 670, 673; *Preston v. National Broadcasting Co.* (1971), 133 Ill. App. 2d 200, 203, 272 N.E.2d 700, 702.) We conclude that plaintiff's failure to inspect and maintain its wire messenger cable at a height of at least 18 feet above the roadway constituted active negligence as a matter of law.

The question presented by the instant appeal previously has been considered by courts of other jurisdictions. In *Hysell v. Iowa Public Service Co.* (8th Cir. 1976), 534 F.2d 775, a utility company negligently failed to maintain its wires at the minimum height required by law. A crane came into contact with the low wires and the plaintiff was injured. The court concluded that the utility company's failure to maintain the wires at a proper height constituted active negligence. (534 F.2d 775, 784.) In *Pierce v. Ozark Border Electric Cooperative* (Mo. 1964), 378 S.W.2d 504, the court upheld the dismissal of an indemnity complaint and found a utility company's failure to maintain an overhead wire was tantamount to active negligence. In *Mississippi Power Co. v. Thomas* (Miss. 1932), 140 So. 227, 228, the court expressly stated that "the duty required of the company in respect to the maintenance of its electric wires is an active duty—not merely a passive obligation." We find the above authority persuasive.

The cases relied on by plaintiff, on the other hand, are distinguishable. *McInerney v. Hasbrook Construction Co.* (1975), 62 Ill. 2d 93, 338 N.E.2d 868, and *Zizzo v. Ben Pekin Corp.* (1979), 79 Ill. App. 3d 386, 398 N.E.2d 382, were both decided under the Structural Work Act and have no direct application to the case at bar.

For the foregoing reasons, the judgment of the circuit court of Massac County is affirmed.

Affirmed.

WELCH, P.J., and JONES, J., concur.