(No. 50709 )

THE PEOPLE *ex rel.* FRANK RESNIK, Director of General Services, Appellee, v. CURTIS & DAVIS, ARCHITECTS & PLANNERS, INC., *et al.* (Curtis & Davis, Inc., Appellant).

*Opinion filed February 1, 1980.*

McConnell, Kennedy, Quinn & Johnston, of Peoria (Richard E. Quinn and Gery R. Gasick, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield (George H. Klumpner, Assistant Attorney General, of Chicago, of counsel), for appellee.

MR. JUSTICE CLARK delivered the opinion of the court:

The State of Illinois in early 1973 brought an action for breach of contract against several architects and contractors, including Curtis & Davis, *Incorporated* (hereafter C & D, Inc.), the only appellant here. The contract was entered into in the spring of 1966 between the Illinois Building Authority (hereafter IBA) and joint venturers, Curtis & Davis *Partnership* (hereafter C & D Partnership)

and Samuel E. Sanner & Associates, for services related to the construction of the Vienna Correctional Center. The circuit court of Sangamon County dismissed the amended complaint, holding that the State was not a proper party plaintiff since it was not a signatory to the contract, and that C & D, Inc., was not a proper party defendant since it too was not a signatory to the contract. The appellate court reversed (58 Ill. App. 3d 28), holding that not only was the State properly complaining on behalf of a "State agency," IBA, but it was also a third-party beneficiary. The appellate court did not specifically determine whether C & D, Inc., or C & D Partnership or both were proper party defendants, but it said a plaintiff may sue two or more defendants alternatively. We allowed leave to appeal (65 Ill. 2d R. 315).

Two issues exist: whether the State is a proper party plaintiff and whether C & D, Inc., is a proper party defendant. Only counts I and III of the amended complaint are involved in the appeal.

C & D, Inc., contends that the appellate court's interpretation of the Capital Development Board Act (Ill. Rev. Stat. 1973 and 1977, ch. 127, par. 771 *et seq.*)—that the term "State agency" includes the IBA—impairs contractual obligations in violation of the 1970 Illinois Constitution (art. I, sec. 16). C & D, Inc., argues the State is not a proper party plaintiff because prior to 1973, when the act above went into effect, the IBA was not a State agency (*Berger v. Howlett* (1962), 25 Ill. 2d 128, 133; accord, *Electrical Contractors Association of City of Chicago, Inc. v. Illinois Building Authority* (1966), 33 Ill. 2d 587, 593) but a separate body politic, capable of making contracts and being sued, independently of the State. C & D, Inc., continues: retroactive application of the 1973 act above—so as to permit the State, not a party to the 1966 contract between IBA and C & D Partnership, to now represent IBA and sue for breach of contract—violates the constitutional prohibition against impair-

ment of contracts. Whatever the merits of this contention, we need not reach this constitutional issue because of our resolution of the nonconstitutional question of whether or not the State is a third-party beneficiary of the contract between IBA and C & D Partnership. Given the facts here, especially the unequivocally clear provisions in the contract, we find the State is a third-party beneficiary of the contract, properly bringing suit in that capacity rather than in the asserted capacity of representative of or successor in interest to a State agency.

C & D, Inc., initially argues that the State failed to preserve this question because the State did not raise it in the appellate court. We acknowledge this point. However, counts I and III of the amended complaint are based on the theory of third-party beneficiary, and the rule of waiver, as the appellate court noted, is a limitation on the parties and not on this court, and C & D, Inc., has had an opportunity before us to refute this theory. The issue should be addressed.

The classic statement of the rule in Illinois was made by this court in *Carson Pirie Scott & Co. v. Parrett* (1931), 346 Ill. 252, 257-58:

"The rule is settled in this State that if a contract be entered into for a direct benefit of a third person not a party thereto, such third person may sue for breach thereof. The test is whether the benefit to the third person is direct to him or is but an incidental benefit to him arising from the contract. If direct he may sue on the contract; if incidental he has no right of recovery thereon. This rule has been announced without variation in numerous cases decided by this court. [Citations. Accord, *Cherry v. Aetna Casualty & Surety Co.* (1939), 372 Ill. 534, 542; *Rozny v. Marnul* (1969), 43 Ill. 2d 54, 60.]

It is not seriously argued that such is not the rule in Illinois, but the argument turns rather on

the application of the rule to the construction of the contract. In such a case no opinion in an adjudicated case, even of this court, is controlling unless the language of the contract or the circumstances surrounding the parties are substantially the same, since each case must depend upon the intention of the parties as that intention is to be gleaned from a consideration of all of the contract and the circumstances surrounding the parties at the time of its execution. [Citations.] The rule is, that the right of a third party benefited by a contract to sue thereon rests upon the liability of the promisor, and this liability must affirmatively appear from the language of the instrument when properly interpreted and construed. The liability so appearing can not be extended or enlarged on the ground, alone, that the situation and circumstances of the parties justify or demand further or other liability." (Accord, 2 Williston, Contracts secs. 356, 356A (Jaeger 3d ed. 1959); J. Calamari & J. Perillo, Contracts 381-83 (1970). See Restatement (Second) of Contracts sec. 133 (1973).) In short, the intention of the parties, as evidenced by the contract, determines whether or not a third-party beneficiary may sue. It is not enough that the beneficiary is an incidental beneficiary: only a direct beneficiary has a right against the promisor (C & D Partnership) or promisee (IBA). Restatement (Second) of Contracts sec. 147 (1973).

The disputed contract here, specifically and in its entirety (*Carson Pirie Scott & Co. v. Parrett* (1931), 346 Ill. 252, 259), convincingly displays the intent of the parties to make the State a direct beneficiary. The preamble provides:

> "WHEREAS Owner, for the use of the Department of Public Safety, State of Illinois, hereinafter called 'User', intends to construct buildings and facilities for completion

of the Illinois State Penitentiary, located at Vienna. ***"
Section I(A)(1) provides that "Associate" (C & D Partnership) must consult with the "User" as well as "Owner" (IBA) "to ascertain the requirements of Project." In section I(A)(3), the "Associate" must "revise the drawings, specifications and estimate in manner satisfactory to Owner and User." Section IV(B) states that "Associate warrants and represents that it is free to enter into and fully perform this agreement, and that it has the right to grant the rights herein granted to Owner and User." In section IV(D)(1), "Associate hereby indemnifies and holds harmless Owner, User ***." Finally, in addition to the signatures of the representatives of IBA and the joint venturers (Samuel E. Sanner & Associates and "Curtis & Davis"), a representative of "User/Supv. A & E" (supervising architect) has affixed his signature. (These are only some of the examples of the contract's reference to User, *i.e.,* the State.)

The contract demonstrates that the parties—certainly the promisee, IBA (2 Williston, Contracts sec. 356A, at 836 (Jaeger 3d ed. 1959))—intended the State or "User" to be more than an incidental beneficiary or a mere tenant (see Restatement of Contracts sec. 147, illustration 1 (1932).) Moreover, the surrounding circumstances (*Carson Pirie Scott & Co. v. Parrett* (1931), 346 Ill. 252, 258; J. Calamari & J. Perillo, Contracts 383 (1970)) show this intention. Construction of the prison would directly benefit the State, the "User"—not the parties; the State possessed the expertise, not IBA, necessary for the construction characteristics of a prison. The IBA and the State agreed to a construction lease for the Vienna facility in 1965. And the relationship between the State and IBA was an ongoing one which was dictated, in 1966, by the limitation placed on the State's budget deficit by the 1870 Constitution. IBA was the mechanism formed by the General Assembly to circumvent this limitation. Yet, we repeat that it is the contract which is controlling and

is persuasive here; and on that basis we limit our holding: the State is a proper party plaintiff because it is a direct beneficiary clearly identified and intended in the contract before us.

The second issue can be readily decided. The State's amended complaint, alternatively and respectively in counts I and III, alleged that C & D, Inc., or C & D Partnership breached the contract with IBA. C & D, Inc., contends that the appellate court failed to rule on the circuit court's dismissal of C & D, Inc., as a proper party defendant. However, if "the plaintiff is in doubt as to the person from whom he is entitled to redress, he may join two or more defendants, and state his claim against them in the alternative ***" (Ill. Rev. Stat. 1973, ch. 110, par. 24(3)). Any discussion of the propriety of making C & D, Inc., a party is premature in the absence of proof.

For these reasons, we affirm the appellate court, but only as delimited above, and remand the cause to the circuit court for further proceedings consistent with this opinion.

*Affirmed and remanded.*