THOMAS BERNSTEIN, Plaintiff-Appellee, v. LIND-WALDOCK & COM-
PANY, Defendant-Appellant (Glenn W. Caan *et al.*, Defendants).

First District (3rd Division)   No. 86—952

Opinion filed February 25, 1987.

Ham, Keck & Associates, of Chicago (Eldon L. Ham and Jeffrey J. Keck, of counsel), for appellant.

Schwartz & Freeman, of Chicago (Kenneth H. Denberg, Robert A. Vanasco, and Susan N. Sekuler, of counsel), for appellee.

PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Defendant Lind-Waldock & Company appeals from an order of the trial court dismissing its counterclaim against plaintiff Thomas Bernstein pursuant to section 2—615 of the Code of Civil Procedure for failure to state a cause of action sounding either in contract or in tort. Ill. Rev. Stat. 1985, ch. 110, par. 2—615.

Plaintiff was a voluntary member of the International Monetary Market Division of the Chicago Mercantile Exchange. Upon acceptance of membership in 1974, he agreed to abide by the Exchange's rules and regulations. In 1979, plaintiff leased his membership to defendant Glenn W. Caan, who is not a party to this appeal. Plaintiff remained subject to the relevant rules of the Exchange.

Defendant, as a clearing member of the Exchange, guaranteed Caan's trades to the Exchange. In 1980, Caan suffered losses in the course of his futures transactions. At defendant's request, the Exchange sold plaintiff's membership, for which Caan was the transferee, and the proceeds were applied in partial satisfaction of Caan's indebtedness to defendant.

Plaintiff brought this action seeking to defeat the award defendant received from the Exchange. In 1985, defendant filed a counterclaim, which was initially dismissed and subsequently amended to include three counts. Count I was based on defendant's rights as an alleged third-party beneficiary to plaintiff's agreement with the Exchange to abide by its rules, including an alleged rule not to institute litigation. Count II alleged a breach of contract, and count III alleged fraud. Defendant sought $100,000 in damages, plus costs and attorney fees. The trial court granted plaintiff's motion to dismiss all three counts for failure to state a cause of action and denied defendant's re-

quest for leave to file a second amended counterclaim. Defendant appeals.

■ Defendant contends that the trial court abused its discretion in striking and dismissing the amended counterclaim. A counterclaim will not be dismissed under section 2—615 of the Code of Civil Procedure for failure to state a cause of action unless no set of facts could be proved which would entitle the pleader to relief. Ill. Rev. Stat. 1985, ch. 110, pars. 2—615, 2—608; *Jackson v. Burlington Northern, Inc.* (1980), 84 Ill. App. 3d 967, 405 N.E.2d 805.

Defendant maintains that count I of the amended counterclaim sufficiently states that defendant is a third-party beneficiary of plaintiff's agreement to abide by the rules of the Exchange. The trial court dismissed the count, finding it legally deficient because defendant failed to show that it was a third-party beneficiary.

■ If a contract is entered into for the direct benefit of a third person who is not a party to the agreement, the third person may sue for a breach of the contract. (*Carson Pirie Scott & Co. v. Parrett* (1931), 346 Ill. 252, 178 N.E. 498.) The test is whether the benefit to the third person is direct or is but an incidental benefit to him arising from the contract. (346 Ill. 252, 178 N.E. 498.) The intention of the parties to the contract determines what benefit is meant to be conferred on the third person. (*People ex rel. Resnik v. Curtis & Davis, Architects & Planners, Inc.* (1980), 78 Ill. 2d 381, 400 N.E.2d 918.) The intent is to be gleaned from a consideration of the contract and the circumstances surrounding the parties at the time of its execution. *Bates & Rogers Construction Corp. v. Greeley & Hansen* (1985), 109 Ill. 2d 225, 486 N.E.2d 902.

■ In the present case, defendant alleges that plaintiff's application for membership in the International Monetary Market of the Exchange functioned as a contract for the direct benefit of defendant, a clearing member of the Exchange. We hold, however, that plaintiff's 1974 agreement to be bound by the Exchange's rule did not evidence any intent by the parties to that agreement to directly benefit defendant, which guaranteed Caan's trades to the Exchange in 1979.

Defendant argues that the trial court, in finding no direct benefit to defendant was intended, erred in applying "older narrow cases" instead of "current Illinois law" which consisted of "more recent cases with broader holdings." The trial court's reliance on *Resnik* and *Carson Pirie Scott & Co.* was proper, since those cases state the law regarding third-party beneficiaries as it currently stands. (See *Bates & Rogers Construction Corp. v. Greeley & Hansen* (1985), 109 Ill. 2d 225, 486 N.E.2d 902; *Smith v. Clark Equipment Co.* (1985), 136 Ill.

App. 3d 800, 483 N.E.2d 1006.) The cases cited by defendant hold that a third-party beneficiary need not be identified or identifiable at the time the agreement is made. It is sufficient if the third party is identified at the time performance is due as a member of the class intended to be benefitted. (*Avco Delta Corp. Canada Ltd. v. United States* (7th Cir. 1973), 484 F.2d 692 (citing *Carson Pirie Scott & Co. v. Parrett* (1931), 346 Ill. 252, 178 N.E. 498), *cert. denied* (1974), 415 U.S. 931, 39 L. Ed. 2d 490, 94 S. Ct. 1444; *Organization of Minority Vendors, Inc. v. Illinois Central Gulf R.R.* (N.D. Ill. 1983), 579 F. Supp. 574, citing *Carson Pirie Scott & Co. v. Parrett* (1931), 346 Ill. 252, 178 N.E. 498, and *People ex rel. Resnik v. Curtis & Davis, Architects & Planners, Inc.* (1980), 78 Ill. 2d 381, 400 N.E.2d 918; *Altevogt v. Brinkoetter* (1981), 85 Ill. 2d 44, 421 N.E.2d 182, citing *Carson Pirie Scott & Co. v. Parrett* (1931), 346 Ill. 252, 178 N.E. 498, and *People ex rel. Resnik v. Curtis & Davis, Architects & Planners, Inc.* (1980), 78 Ill. 2d 381, 400 N.E.2d 918.) These holdings, however, do not alter the long-standing rule that whether the parties to an agreement intended third persons to be directly benefitted must be determined by examining the circumstances at the time the agreement is executed. The class of which defendant is a part is not identified at any time as a class the parties to the agreement at issue intended to benefit. Defendant has failed to demonstrate in its counterclaim how it holds the status of a third-party beneficiary to the agreement between plaintiff and the Exchange. The trial court properly dismissed count I of the amended counterclaim.

Defendant maintains that count II sufficiently states a cause of action for plaintiff's breach of the contract between plaintiff and the Exchange, and defendant as a member of the Exchange. Defendant alleges that plaintiff promised not to sue another member of the Exchange.

As we have discussed, defendant cannot be a party to the contract by virtue of any status as a third-party beneficiary. Defendant also has not sufficiently alleged how it could be a direct party to the contract, which it argues contains "mutual promises" of plaintiff, defendant, the Exchange, and all other Exchange members not to sue each other. Additionally, the relevant membership application oath to abide by the rules of the Exchange and the rules themselves do not expressly prohibit litigation. Instead, the relevant rule merely states that litigation is contrary to the policy of the Exchange. (See *Wigod v. Chicago Mercantile Exchange* (1986), 141 Ill. App. 3d 129, 490 N.E.2d 39.) The trial court properly dismissed count II of the amended counterclaim.

■ Defendant complains that plaintiff should not be allowed to sue defendant in reliance upon Exchange rules, while defendant's present allegations based upon Exchange rules are dismissed. The two pleadings, however, do not rely upon the same rules. For example, in its counterclaim defendant relies upon an Exchange rule which defendant alleges is a member's promise not to sue other members. As we have noted, this claim misinterprets the rule which sets forth the Exchange's policy favoring arbitration over litigation. In contrast, in his complaint plaintiff may rely upon rules which actually exist and promises which might be enforceable. In addition, plaintiff stands in a different position than defendant in regard to the Exchange rules. Defendant is not a direct party to, or third-party beneficiary of, the agreement, if any, between the Exchange and plaintiff. Moreover, the allegations, causes of action, and request for relief set forth in the complaint differ from those set forth in the counterclaim. A counterclaim is not a defense on the merits, but is an independent cause of action and must be complete by itself. (See *Benckendorf v. Burlington Northern R.R.* (1983), 112 Ill. App. 3d 658, 445 N.E.2d 837.) Our holding here is in no way meant to be a consideration of the merits of plaintiff's complaint, which is not before this court for review in the present appeal.

■ Defendant next contends that count III sufficiently states a cause of action for fraud. The elements of a cause of action for fraud include a person's knowingly false representation of a material fact to induce the other party to act such that the other party justifiably relied upon the false representation to its detriment. (*Trautman v. Knights of Columbus* (1984), 121 Ill. App. 3d 911, 460 N.E.2d 350.) As stated, neither the membership oath nor the rules expressly prohibit litigation. Defendant has failed to allege that plaintiff made a false representation when he agreed to be bound by the rules of the Exchange. Moreover, defendant fails to allege that plaintiff promised not to sue defendant. The trial court properly dismissed count III of the amended counterclaim. We also agree with the trial court that the damages allegations in all three counts are purely conclusory.

■ Defendant also contends that the trial court abused its discretion in denying defendant further leave to amend the counterclaim. The allowance of an amendment to pleadings rests within the sound discretion of the trial court. (*Beatrice Foods Co. v. Illinois Insurance Guaranty Fund* (1984), 122 Ill. App. 3d 172, 460 N.E.2d 908.) Before a trial court can be found to have abused its discretion in denying a party leave to amend, it must be clear from the record that reasons of facts were presented to the trial court as a basis for requesting leave

to amend. (*Tishman Midwest Management Co. v. Jarvis, Ltd.* (1986), 146 Ill. App. 3d 684, 500 N.E.2d 431.) It is appropriate to deny leave to amend when no cause of action can be stated. (*Lee v. Conroy* (1973), 13 Ill. App. 3d 694, 300 N.E.2d 505.) Here, defendant has failed to show how the proposed amendment would cure the defective amended counterclaim. (See *Kupianen v. Graham* (1982), 107 Ill. App. 3d 373, 437 N.E.2d 774; *Beresky v. Teschner* (1978), 64 Ill. App. 3d 848, 381 N.E.2d 979.) The trial court offered defendant two opportunities to state a cause of action. Under the facts presented here, no amendment of defendant's counterclaim would state a cause of action.

The trial court did not abuse its discretion in denying defendant's motion for leave to file another amended counterclaim.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

RIZZI and WHITE, JJ., concur.