COMMONWEALTH EDISON COMPANY *et al.*, Appellants and Cross-Appellees, v. THE INDUSTRIAL COMMISSION *et al.* (R. Gingerich & Company, Appellee (Robert Ross, Appellee and Cross-Appellant)).

Third District (Industrial Commission Division)   No. 3—87—0228WC

Opinion filed March 9, 1988.

John A. Maciorowski, of Stevenson, Rusin & Friedman, of Chicago, for appellants.

G. Douglas Stephens, of G. Douglas Stephens, Associates, P.C., of Peoria, for appellee Robert Ross.

Guy Fraker, of Costigan & Wollrab, P.C., of Bloomington, for appellee R. Gingerich & Company.

JUSTICE WOODWARD delivered the opinion of the court:

The Industrial Commission (Commission) found that the plaintiffs, Commonwealth Edison Company and Schneider, Inc. (Schneider), were borrowing employers under section 1(a)(4) of the Illinois Workers' Compensation Act (Act) (Ill. Rev. Stat. 1985, ch. 48, par. 138.1(a)(4)) and were required to reimburse the defendant, R. Gingerich & Company (Gingerich) for expenses incurred when defendant, Robert Ross (Ross), an employee of Gingerich, was injured in the course of his employment. The circuit court confirmed the Commis-

sion's finding except for the award of attorney fees. On appeal, the plaintiffs contend that the Commission's finding that the plaintiffs were borrowing employers is contrary to the law and against the manifest weight of the evidence because an agreement to the contrary existed which negated the rule in section 1(a)(4) of the Act. Ross cross-appeals contending that Commonwealth Edison was not a borrowing employer under section 1(a)(4) of the Act. We affirm.

Gingerich and Schneider entered into an agreement whereby the defendant agreed to furnish heavy equipment and operators to Schneider for construction work at Commonwealth Edison's Powerton Station. Gingerich's rental rate included fuel and maintenance costs for operating the Equipment, and the defendant was responsible for carrying property insurance, liability insurance, and workers' compensation insurance on the heavy equipment.

Each week Gingerich would send Schneider a handwritten invoice for the appropriate billing period. After receiving Gingerich's weekly invoice, Schneider would issue a purchase order which, among other things, stated:

> "Liability: Seller agrees to defend and hold purchaser and its customers and the users of the goods provided herein harmless against all loss, expense, and damages arising from bodily injury to any person, including death resulting therefrom, and damage to property caused by any defective products supplied hereunder by the negligence or by the willful acts of seller, its agents or employees engaged in the manufacture, installation, delivery, erection, repair or operation of any equipment or goods covered by this order."

It is unclear whether the parties engaged in a detailed discussion of this particular clause or any other part of the purchase order. At the arbitration hearing, Gingerich admitted that it had discussed the terms of the rental agreement with Schneider.

Commonwealth Edison, as a self-insurer, sent a letter to the Commission's self-insurance supervisor. In the relevant part, the letter stated:

> "We are currently performing certain maintenance and repair work at our Powerton Station, Pekin, Illinois. As part of this job it is our desire and intention to guarantee the obligation of our contractors working at the Powerton Station, to pay Worker Compensation benefits.
>
> Accordingly, I am attaching our guarantee agreement and questionnaire for Schneider, Inc., *** who we plan to cover beginning October 8, 1981."

On July 30, 1982, while Ross was attempting to repair an outrigger leg, he was severely injured when the crane's boom struck a power line. Gingerich paid $29,850 for Ross' temporary total disability and approximately $62,900 for Ross's medical expenses. Gingerich sought reimbursement for these expenses from the plaintiffs through arbitration.

The arbitrator determined that because Ross' injuries occurred while he was doing repair work on his crane, Gingerich was liable for his injuries. The Commission modified the arbitrator's decision finding that Gingerich, as a loaning employer, was entitled to reimbursement from the plaintiffs, as borrowing employers, unless there was an agreement to the contrary. In finding that there was no contrary agreement, the Commission stated that Gingerich's purchase of workers' compensation insurance for Ross and its other employees did not operate as a contrary agreement which shifted the liability between the borrowing and loaning employers. Therefore, Gingerich was entitled to reimbursement from the plaintiffs. The circuit court determined that the Commission's finding of no contrary agreement was not against the manifest weight of the evidence.

Section 1(a)(4) of the Act states:

> "Where an employer operating under and subject to the provisions of this Act loans an employee to another such employer and such loaned employee sustains a compensable accidental injury in the employment of such borrowing employer and where such borrowing employer does not provide or pay the benefits or payments due such injured employee, such loaning employer is liable to provide or pay all benefits or payments due such employee under this Act and as to such employee the liability of such loaning and borrowing employers is joint and several, provided that such loaning employer is in the *absence of agreement to the contrary* entitled to receive from such borrowing employer full reimbursement for all sums paid or incurred pursuant to this paragraph together with reasonable attorneys' fees and expenses in any hearings before the Industrial Commission or in any action to secure such reimbursement." (Emphasis added.) Ill. Rev. Stat. 1983, ch. 48, par. 138.1(a)(4).

The plaintiffs contend that the liability clause of its purchase order and prior discussions with Gingerich established an agreement to the contrary which shifted the liability for paying workers' compensation benefits to Gingerich. As additional support for its argument, the plaintiffs note that Gingerich was paying workers' compensation premiums for Ross when he was injured. Therefore, the plaintiffs assert,

the Commission's determination that there was no contrary agreement was against the manifest weight of the evidence.

■ A reviewing court will not disturb the Commission's decision unless it is against the manifest weight of the evidence. (*Luckenbill v. Industrial Comm'n* (1987), 155 Ill. App. 3d 106, 111.) Generally, a party seeking to enforce an agreement has the burden of establishing the existence of the agreement. (*Bank of Marion v. Robert "Chick" Fritz, Inc.* (1973), 9 Ill. App. 3d 102, 108.) To form a valid contract between two parties, there must be mutual assent by the contracting parties on the essential terms and conditions of the subject about which they are contracting. (*Bank of Marion*, 9 Ill. App. 3d at 108.) The existence of a contract is a question reserved for the trier of fact, and this question becomes a question of law only if the facts are undisputed and reasonable men would agree as to the inferences drawn from them. *Yourke v. B. F. Goodrich Co.* (1985), 130 Ill. App. 3d 220, 222-23.

■ It is clear that a factual dispute exists as to whether the parties formed a contract. The plaintiffs offer their purchase order as evidence of a contract to shift liability for workers' compensation benefits to Gingerich. The parties agree that they thoroughly discussed the terms of their rental agreement; however, Gingerich denies that the plaintiffs' purchase order was a reduction of that agreement into a formal written contract. The record fails to indicate that Gingerich acknowledged or understood that the plaintiffs' purchase order was to shift liability for workers' compensation benefits. Nor is there any evidence which demonstrates Gingerich's intent to shift the plaintiffs' liability for workers' compensation benefits. The Commission settled this factual dispute in favor of Gingerich, and, therefore, we decline to overturn the Commission's finding of no contrary agreement between the parties because that finding is supported by the evidence.

■ Furthermore, we reject the plaintiffs' assertion that Gingerich's willingness to pay workers' compensation insurance evidenced its acknowledgement of liability for workers' compensation benefits. Even though Gingerich agreed to purchase workers' compensation insurance, the plaintiff also elected to obtain workers' compensation insurance for Gingerich's employee as evidenced by plaintiffs' letter to the Commission's self-insurance supervisor. Consequently, the Commission could have concluded that the plaintiffs believed that they were liable for workers' compensation benefits.

■ The plaintiffs cite *Fort Dearborn Cartage Co. v. Rooks Transfer Co.* (1985), 136 Ill. App. 3d 371, as authority for the proposition that a contrary agreement which shifts liability for workers' compen-

sation benefits need not expressly refer to the Act in order to be effective. The reasoning of *Fort Dearborn Cartage* does not conflict with our result because the decision reached in *Fort Dearborn Cartage* was based on the premise that the clause which shifted liability for workers' compensation benefits was part of a valid contract. Here, the plaintiffs failed to establish that a valid contract was formed between the parties.

■ In passing, we note that Gingerich's brief raises the issues whether penalties should have been awarded for plaintiffs' vexatious and unreasonable refusal to reimburse the defendant for paying workers' compensation benefits to Ross and whether the denial of an attorney fees award to Ross was proper. Neither of these issues was raised in the plaintiffs' appellate brief, and Gingerich has not filed a notice of appeal or cross-appeal pursuant to Supreme Court Rule 303 (107 Ill. 2d R. 303). Therefore, we lack jurisdiction to decide those issues. See *Yaw v. Beeghly* (1982), 109 Ill. App. 3d 627, 631.

■ Finally, in his cross-appeal, Ross contends that the circuit court improperly designated Commonwealth Edison as a borrowing employer under section 1(a)(4) of the Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.1(a)(4)). It is well settled that questions not raised in the trial court are deemed waived and may not be raised for the first time on review. (*Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 500.) Ross failed to raise this issue at his arbitration hearing, in proceedings before the Commission and the circuit court, or in his notice of appeal. Consequently, we deem this issue waived for review.

The judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

BARRY, P.J., and McNAMARA, McCULLOUGH, and CALVO, JJ., concur.