**Daniel SERPE, Georgiann Serpe, James Korbilas, Danielle Korbilas, Mark Rekowski, Ernestine Rekowski, and Allan Demars, trustee in Bankruptcy for the Estate of Clifford Szpekowski and Mary Szpekowski, Plaintiffs,**

v.

**Arthur L. WILLIAMS, Jr., A.L. Williams General Agency, A.L. Williams & Associates, Inc., A.L. Williams Corp., A.L. Williams Life Insurance Company, First American National Securities, Inc., Massachusetts Indemnity and Life Insurance Co., Stanley Lane, Lourdes Lane, Robert Buisson, Robert Miller, Robert Turley, Arthur Villas, Charles Miller, Grant Garcia, Emanuel De-Kayre, Ned Web, and Boe Adams, Defendants.**

No. 85 C 6404.

United States District Court, N.D. Illinois, E.D.

Oct. 30, 1991.

Jordan Nmi Bell, Jordan Bell, Richard David Grossman, Dannen, Crane, Heyman & Simon, Chicago, Ill., for plaintiffs.

Fred H. Bartlit, Jr., Philip Scott Beck, Sheila W. Elston, Kirkland & Ellis, Stephen M. Murray, Daniel I. Schlessinger, M. Nicole Marcey, Nick J. DiGiovanni, R.R. McMahan, Lord, Bissell & Brook, Chicago, Ill., for Arthur L. Williams, A.L. Williams General Agency, A.L. Williams and Assoc. Massachusetts Indem. & Life Ins. Co., Robert Buisson, Robert Miller and Boe Adams.

James Thomas Nyeste, Edward T. Butt, Jr., Wildman, Harrold, Allen & Dixon, Chicago, Ill., for A.L. Williams Corp., A.L. Williams Life Ins. Co. and First American Nat. Securities, Inc.

Michael K. Murtaugh, William Lynch Schaller, Baker & McKenzie, Chicago, Ill., for Stanley & Lourdes Lane, Robert Turley, Arthur Villas, Charles Miller, Grant Garcia, Emanuel DeKayre, Ned Web.

## ORDER

NORGLE, District Judge.

Defendants move to dismiss certain plaintiffs alleging these plaintiffs lack standing (Fed.R.Civ.Proc. 12(b)(1)). For the reasons stated below, the court grants the motion.

## FACTS

Defendants are engaged in the sale of life insurance products. In order to recruit

more sales personnel, A.L. Williams & Associates implemented the "Future RVP (Regional Vice President) Club" program. This club had strenuous requirements which, if satisfied, would have entitled the club member to become a Regional Vice President and thereafter earn a substantial income.

On December 29, 1984, Daniel Serpe, James Korbilas, Mark Rekowski, and Clifford Szpekowski ("Club Members") signed contracts to become members of the "Future RVP Club." Georgiann Serpe, Danielle Korbilas, Ernestine Rekowski, and Mary Szpekowski (collectively "wives") signed their respective husband's contract above a line titled "Spouse." The contract spells out in great detail the requirements of club membership, but there is no promise, duty, or obligation of any spouse nor is there reference to the spouse other than a signature line.

Various letters, books, audio tapes, and brochures were sent to each of the Club Members. In these, the spouses and family of Club Members were encouraged to participate in certain club activities and help the Club Member attain his goal of becoming a Regional Vice President. Specifically, the spouse of a club member was encouraged to attend club functions with her husband. The materials consistently stressed the family effort needed to support the club member.

After the Club Members joined, defendants unilaterally modified the contract between themselves and the Club Members. This modification required substantially more work from each of the Club Members before they could obtain RVP status. Club Members objected to the modifications but nonetheless complied with the modified requirements. Regardless, they were denied sales representative Regional Vice President status by defendants. Club Members and their spouses sued alleging violations of 18 U.S.C. § 1962, breach of fiduciary duties, fraud, and breach of contract. Two counts against several defendants were dismissed by another court,[1] and now defendants move to dismiss all claims of the spouses of the Club Members.

## DISCUSSION

On a motion to dismiss, all well-pleaded factual allegations are taken as true. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir.1991). All reasonable inferences to be drawn from those allegations are also accepted as true. *Doe ex rel. Doe v. St. Joseph's Hosp.*, 788 F.2d 411 (7th Cir.1986). Dismissal under Federal Rule of Civil Procedure 12(b) is proper if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Papapetropoulous v. Milwaukee Transp. Serv., Inc.*, 795 F.2d 591, 594 (7th Cir.1986).

Defendants assert two bases for dismissal of the wives of the Club Members. First, they contend that the wives had no contractual relationship with the defendants and therefore have no standing to sue to enforce the agreement. Plaintiffs counter by pointing to various statements in their complaint and references to spousal support in the materials provided to their husbands. Second, defendants contend the wives have not been injured since any claim they have is necessarily dependent upon their respective husband's claim. Plaintiffs counter this claim by alleging the wives are third party beneficiaries to the contract.

■ In construing a contract, the court's singular purpose is to give effect to the intent of the parties as expressed. *See Connecticut Gen. Life Ins. Co. v. Chicago Title & Trust Co.*, 714 F.2d 48, 50 (7th Cir.1983); *see also, American College of Surgeons v. Lumbermens Mut. Casualty Co.*, 142 Ill.App.3d 680, 693, 96 Ill.Dec. 719, 729, 491 N.E.2d 1179, 1189 (1st Dist.1986) (overt acts control determination of intent). A contract is formed only after there is an

1. Judge Holderman dismissed Counts V and VI against Massachusetts Indemnity and Life Insurance Co., A.L. Williams & Associates, Inc., First American National Securities, Inc., Stanley Lane, Lourdes Lane, Robert Turley, Arthur Villas, Charles Miller, Grant Garcia, Emanuel DeKayre and Ned Web. *Serpe v. Arthur L. Williams, Jr.*, No. 85 C 6404, 1986 WL 7950 (N.D.Ill. July 7, 1986).

offer, acceptance, and consideration. *Martin v. Government Employees Ins. Co.*, 206 Ill.App.3d 1031, 1035, 151 Ill.Dec. 926, 928, 565 N.E.2d 197, 199 (1st Dist.1990). Consideration is any act or promise which is of benefit to one party or detriment to the other. *Ahern v. Knecht*, 202 Ill.App.3d 709, 715, 150 Ill.Dec. 660, 664, 563 N.E.2d 787, 791 (2d Dist.1990). If there is a failure of consideration, there is no contract. *Corroon & Black of Ill., Inc. v. Magner*, 145 Ill.App.3d 151, 162, 98 Ill.Dec. 663, 669, 494 N.E.2d 785, 791 (1st Dist.1986) (discussing in context of executory contracts). The burden of proof is on the party seeking to enforce the agreement. *Commonwealth Edison Co. v. Industrial Comm'n*, 167 Ill.App.3d 229, 233, 118 Ill.Dec. 91, 93, 521 N.E.2d 159, 161 (3d Dist.1988).

■ The court finds the wives are not parties to the contract. The two-page contract enumerates no responsibilities for the wives. Yet the Club Member's duties are spelled out in considerable detail. Indeed the only mention of a spouse in the contract is on the signature line. This lone reference is insufficient to indicate an intent to make the wives parties to an otherwise very detailed agreement.

Aware of this deficiency, the wives point to the other materials provided to their husbands as Club Members and seek to include those materials as part of the agreement. Even assuming these items became part of the ultimate agreement, they are of little assistance to the wives' claims. At best, the wives along with other family members are "strongly encouraged" to participate in activities with the Club Member to help him achieve his goal. These generalized references are insufficient to show an intent to make someone a party to this otherwise very specific contract. They do not show any intention that the wives become obliged to do anything for the benefit of another party to the contract. Indeed, they are not required to do anything. They are merely encouraged to support their husbands and attend club functions. Even under this broad reading of the agreement, the wives have no requirement to do anything and were not intended to parties to this agreement.

■ Moreover, any promise made by the wives is illusory. They could not be parties to this agreement given the facts presented here since they have bound themselves to do something, support their husbands, only if they want to. This "promise" is illusory and insufficient to serve as consideration. *See Martin v. Federal Life Ins. Co.*, 109 Ill.App.3d 596, 603, 65 Ill.Dec. 143, 149, 440 N.E.2d 998, 1004 (1st Dist.1982). The wives are not parties to the contract at issue here.

■ Additionally, the supposed contract between the wives and defendants lack mutuality. Mutuality of obligation means either both parties are bound to the agreement or neither is bound. *Carrico v. Delp*, 141 Ill.App.3d 684, 687–88, 95 Ill.Dec. 880, 882–83, 490 N.E.2d 972, 974–75 (4th Dist.1986). Both parties must be liable to the other for failure to perform his or her obligation. Here defendants have agreed to make the Club Members Regional Vice Presidents if they satisfy the conditions of membership. However, the wives have *promised* to do nothing. They cannot be sued by the defendants for failure to support their husbands, and the court holds they cannot sue to enforce the contract. Without any promise, there is no mutuality of obligation to support this contract. For all of the above-stated reasons, the wives lack standing to challenge the defendants' failure to promote their husbands to sales representatives.

Alternatively, the wives maintain that even if they are not parties to the contract they are nonetheless third-party beneficiaries to the agreement between their husbands and the defendants. They argue that if defendants had fulfilled their obligation to the Club Members, they would have benefitted from the commensurate salary increase received by their husbands.

■ If a contract is entered into for a direct benefit of a third person not a party to the agreement, that person may sue for breach of the contract. *Carson Pirie Scott & Co. v. Parrett*, 346 Ill. 252,

178 N.E. 498 (1931); *Bernstein v. Lind–Waldock & Co.*, 153 Ill.App.3d 108, 110, 106 Ill.Dec. 323, 325, 505 N.E.2d 1114, 1116 (1st Dist.1987). To determine whether one is a third-party beneficiary to a contract, the court must look to the contract itself and determine the intent of the parties. *155 Harbor Drive Condominium Ass'n v. Harbor Point Inc.*, 209 Ill.App.3d 631, 646, 154 Ill.Dec. 365, 375, 568 N.E.2d 365, 375 (1st Dist.1991). The burden of proof is properly shouldered by the party trying to establish third-party beneficiary status— the wives. *Id.*

The wives have not met their burden in this regard. As set forth previously, the contract makes almost no reference to them, let alone stating they are third-party beneficiaries. Even the other materials make no such reference. The wives have pointed to nothing other than their self-serving statements in the complaint that they were necessary to the agreement in one form or another. Furthermore, the fact that they received some indirect benefit as a result of a benefit being conferred upon their husbands is too tenuous a relationship upon which to base third-party beneficiary status. If the law were otherwise, every family member would be a third-party beneficiary simply by being the relative of a contracting party. The court has examined plaintiffs' other arguments and find them also without merit.

## CONCLUSION

In sum, the wives are neither parties to nor third-party beneficiaries of the contract. As a result, they have no right to enforce its provisions as they lack standing to do so. Therefore this court dismisses all claims by Georgiann Serpe, Danielle Korbilas, Ernestine Rekowski, and Mary Szpekowski pursuant to Federal Rule of Civil Procedure 12(b)(1).

IT IS SO ORDERED.