(No. 20405.— )
ALBERT VOLMUT, Plaintiff in Error, *vs.* EDWARD A. BERN *et al.* Defendants in Error.

*Opinion filed December 17, 1931.*

JOSEPH C. PISHA, and EWART HARRIS, for plaintiff in error.

COOKE, SULLIVAN & RICKS, (GEORGE A. COOKE, and OLIVER R. BARRETT, of counsel,) for defendants in error.

Mr. COMMISSIONER PARTLOW reported this opinion:

Plaintiff in error, Albert Volmut, filed his bill in the circuit court of Cook county against the defendants in error, Edward A. Bern and Kathleen E. F. Bern, his wife, for the specific performance of a contract for the sale of real estate in Cook county. Upon issue being joined the cause was referred to a master to take the evidence and report his conclusions. The master recommended that the bill be

dismissed for want of equity. Exceptions to the report were overruled, a decree was entered as recommended, and a writ of error has been prosecuted from this court to review the decree.

Several grounds of reversal are urged but it will be necessary to consider only two of them, viz., whether the contract was void under the Statute of Frauds, and whether the contract was afterwards ratified by Mrs. Bern. Bern filed an answer, in which he admitted the execution of the contract by him but denied that it was signed by plaintiff in error. He admitted that he signed the contract on behalf of his wife but denied that he had authority to do so. He also denied the readiness, willingness and ability of plaintiff in error to perform at the time and in the manner specified in the contract. The answer of Mrs. Bern denied that she, or anyone lawfully authorized by her in writing, signed the contract on her behalf. She filed a plea of the Statute of Frauds and alleged that she had not assented to the contract.

The evidence shows that defendants in error were the owners in joint tenancy of the two lots in question in this case. On April 25, 1923, a contract was entered into between the parties for the sale of the real estate for $13,000. The contract was signed on behalf of plaintiff in error by Pflaum & Cejka, real estate agents. It was signed by Bern individually, and he also signed it on behalf of his wife, as her attorney in fact. Of the purchase price $500 was paid to the real estate agents, and the balance was to be paid within five days after the title had been examined and found good or accepted by plaintiff in error. The final payment was to be made at the office of the real estate firm, provided a good and sufficient deed conveying to the purchaser a good and merchantable title should be ready for delivery. There is no evidence in the case that Mrs. Bern ever authorized in writing her husband to execute this contract, but the evidence shows that the husband had dealt

in real estate to a large extent, and his wife testified that she never signed any contract for the sale of any of said property; that she signed numerous deeds at the request of her husband, and that she would sign any paper placed before her by her husband when he requested her to sign. Defendants in error had a Torrens certificate for the property which they delivered to the real estate agents on the day the contract was executed. On May 3, 1923, Bern and wife executed a warranty deed to plaintiff in error for a consideration of $13,000, with revenue stamps of $13 attached. This deed was a plain warranty deed and made no reference to the contract. On May 5, 1923, plaintiff in error, through his agents, wrote to Bern that the balance of the purchase price was ready and would be delivered to him on May 9 and requested him to be present at the office of the real estate agents to close the deal. On May 7, 1923, Bern mailed a letter to plaintiff in error in which he informed him that Bern was ready, willing and able to carry out the contract, and that on May 8, 1923, at 12:00 o'clock, noon, he would be at the office of the real estate agents to make delivery of a warranty deed upon the payment of $13,000, the contract price. The letter notified plaintiff in error that upon his failure to make such payment Bern would consider that plaintiff in error had abandoned the contract and would declare the contract null and void. A duplicate of this letter was on May 7, 1923, sent by Bern to the real estate agents and was received by them about 9:00 o'clock A. M., May 8, 1923. On May 8, 1923, about five minutes to 12:00 o'clock, noon, Bern called at the office of the real estate agents. He had in his possession the deed from himself and wife to plaintiff in error and asked if Volmut would be there. Pflaum was then talking to Volmut over the telephone. Bern remained in the office about five minutes after 12:00 o'clock and then left, stating that he would wait no longer. About 1:00 o'clock on May 8, 1923, Mary Volmut called at the office of the real estate

agents with a cashier's check for $12,500 and left the same with the real estate agents, to be paid as the balance on the contract. Bern did not call at the office of the real estate agents on May 9, 1923, as requested.

Under the Statute of Frauds it is necessary not only that a contract for the sale of real estate made by an agent by virtue of his authority shall be in writing, but it is also necessary that the authority of the agent to make the contract shall be in writing. The fact that the authority of the agent is not in writing is an adequate defense to a bill for specific performance. (*Hagen* v. *Anderson*, 317 Ill. 173; *Mitchell* v. *Art Institute*, 269 id. 381; *Kelly* v. *Fischer*, 263 id. 184; *Reynolds* v. *Wetzler*, 254 id. 607.) There was no authority in writing from Mrs. Bern to her husband to execute this contract, and therefore the contract was within the Statute of Frauds and was void. A deed prepared by one of the parties to an alleged parol contract to convey land, where the deed is in the ordinary form and does not refer to or recite any of the terms of the contract, as long as the deed remains undelivered, is not a sufficient memorandum to take the case out of the operation of the Statute of Frauds. It is of itself no evidence in writing of a sufficient contract. *Bell* v. *Anderson*, 292 Ill. 605; *Bruns* v. *Huseman*, 266 id. 212; *Shovers* v. *Warrick*, 152 id. 355; *Kopp* v. *Reiter*, 146 id. 437.

The contract in question was void under the Statute of Frauds, it was not ratified by Mrs. Bern by her deed, the decree dismissing the bill for want of equity is correct, and it is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Decree affirmed.*