INLAND REAL ESTATE CORPORATION, Plaintiff-Appellant, *v.* ROBERT CHRISTOPH *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 80-2408

Opinion filed November 12, 1981.—Rehearing denied July 19, 1982.

Winston & Strawn, of Chicago (Richard J. Brennan, Edward J. Wendrow, and Deborah G. Haude, of counsel), for appellant.

Foran, Wiss & Schultz, of Chicago (Thomas A. Foran and Kenneth W. Sullivan, of counsel), for appellees.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff Inland Real Estate Corporation appeals from the dismissal of its complaint for specific performance of a contract for the sale of two parcels of real estate. Defendants Robert Christoph and Bruce McLaren are real estate developers and controlling partners in defendant Partner-

ship Concepts, a general partnership. The Foxboro defendants are limited partnerships formed by Partnership Concepts. The defendant bank is the land trustee of the property in question.

Defendants moved to dismiss the complaint pursuant to sections 45 and 48 of the Civil Practice Act. (Ill. Rev. Stat. 1979, ch. 110, pars. 45 and 48.) The section 45 motion stated that the alleged contract was subject to a condition precedent which had not been fulfilled. The section 48 motion recited that the Statute of Frauds barred specific performance of the contract, alleging that essential terms were absent from the writing. Defendants additionally maintained that the Statute of Frauds barred the action since the general partner, Christoph, lacked written authority to sell the property.

In dismissing the complaint under section 45, the trial court found that the parties intended not to be bound until the later execution of a formal contract.

A section 45 motion is limited to the face of the pleadings, and admits the truth of all well-pleaded facts therein. (*O'Fallon Development Co. v. Ring* (1967), 37 Ill. 2d 84, 224 N.E.2d 782.) Apart from the complaint and attached exhibits no new matter presented by way of affidavit or otherwise may be considered. (*Mutual Tobacco Co. v. Halpin* (1953), 414 Ill. 226, 111 N.E.2d 155; *Arthur Rubloff & Co. v. Leaf* (1952), 347 Ill. App. 191, 106 N.E.2d 735.) In the present case, defendants must show that the parties intended a condition precedent to contract formation which did not occur. Defendants successfully argued in the trial court and urge here that the following handwritten portion of the printed and executed letter of intent attached as an exhibit to the complaint shows such a condition precedent:

> "The *contracts* alone shall be the binding documents. (At which time this letter shall be null and void.)"

■■ Whether a writing which contains all the essential terms of a contract but which contemplates the later execution of a formal document is itself a contract or merely negotiation depends on the intent of the parties. (*Interway, Inc. v. Alagna* (1980), 85 Ill. App. 3d 1094, 407 N.E.2d 615.) Where the terms of the letter of intent are ambiguous, parol evidence is necessary to ascertain whether the parties intended to be then bound. (*Huegel v. Sassaman* (1979), 75 Ill. App. 3d 414, 393 N.E.2d 1361.) In *Terracom Development Group, Inc. v. Coleman Cable & Wire Co.* (1977), 50 Ill. App. 3d 739, 365 N.E.2d 1028, we held that the intent of the parties not to be bound was clear where the writing expressly stated that the agreement would not be binding until the later execution of a contract satisfactory to the parties. In *Harris v. American General Finance Corp.* (1977), 54 Ill. App. 3d 835, 368 N.E.2d 1099, on the other hand, we held that a letter of intent constituted a binding contract despite the failure to

execute a contemplated document where the defendants signed below the word "accepted."

■■ In the present writing, an ambiguity exists as to the parties' intent. The clause "at which time this letter shall be null and void" evinces the intent to be then bound, for we fail to see the necessity for a provision nullifying or voiding a writing in the future if the parties never intended for that writing to be binding from its inception. In contrast, the clause "the contracts alone shall be * * * binding" evinces an intent not to be then bound. The juxtaposition of these conflicting statements clearly gives rise to a question of fact as to the parties' intent not properly resolved by a section 45 motion. (*Chicago Investment Corp. v. Dolins* (1981), 93 Ill. App. 3d 971, 418 N.E.2d 59.) Accordingly, the trial court erred in dismissing the complaint on this basis. We therefore must consider an issue not reached by the trial court: whether the action is barred by the Statute of Frauds. Ill. Rev. Stat. 1979, ch. 59, par. 2.

Section 2 of that statute provides in pertinent part:

> "No action shall be brought to charge any person upon any contract for the sale of lands * * * unless such contract or some memorandum or note thereof shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized in writing, signed by such party."

In this regard, defendants initially contend that specific performance of the letter of intent is precluded by the omission of essential terms from the writing.

■■ Unlike a section 45 motion, a section 48 motion may be based on facts extraneous to the pleading and if "the grounds do not appear on the face of the pleading attacked the motion shall be supported by affidavit." (Ill. Rev. Stat. 1979, ch. 110, par. 48(1).) Like a section 45 motion, however, a section 48 motion concedes the truth of the allegations in the complaint. (*Kirk v. Financial Security Life Insurance Co.* (1977), 54 Ill. App. 3d 192, 369 N.E.2d 340.) Unlike the question whether a condition precedent to contract formation exists, the issue whether a contract for sale of land is unenforceable due to absence of material terms from the writing is properly raised by a section 48 motion since such a contention does not contravene the allegations of the complaint. To be specifically enforceable, a contract for the sale of the land must contain in writing the essential contract terms such as the names of the vendor and vendee, the price, the terms and conditions of the sale. (*Chicago Investment Corp. v. Dolins.*) A contract which recites the aggregate purchase price of more than one parcel of land is specifically enforceable. *Chicago Investment Corp. v. Dolins.*

■■ The present letter of intent does not lack material contract terms. The names of both the vendor and vendee are listed. Defendants

maintain, however, that the omission of the following essential terms from the writing precludes specific performance: the condition that the sale of the property would be subject to the approval of a majority of the limited partners of each limited partnership; the allocation of the stated purchase price and cash down payment for both parcels of real estate between each parcel; and the amount of purchase money mortgage on each parcel. The first alleged omission cannot be resolved by way of motion. The complaint recites that a binding contract was formed between the parties upon the execution of the letter of intent. Whether there in fact existed a condition precedent to contract formation which was wholly omitted from the writing is a question of ultimate fact which must be ascertained by a trial on the merits and not by way of a motion to dismiss. The failure to allocate the price and cash down payment of each of the two parcels at issue does not render the contract indefinite since the total price and cash down payment are indicated. (*Chicago Investment Corp. v. Dolins.*) Nor does the absence of a provision in the letter of intent for a purchase money mortgage render it unenforceable. The writing clearly provides the details of the terms and conditions of the sale. In addition to the aggregate cash down payment and purchase price, the letter of intent states that existing mortgages will be assumed by the purchaser. The amounts of these mortgages and terms of payments are detailed. The balance owed on the property is to be paid by interest-only payments of 7 percent quarterly with the principal balance due January 4, 1986. The agreement's silence as to any mortgage simply precludes plaintiff from introducing any evidence as to a parol agreement pertaining to a mortgage. (*Kendall v. Kendall* (1978), 71 Ill. 2d 374, 375 N.E.2d 1280.) The failure to provide for a mortgage on the property does not render the agreement indefinite. Defendants' reliance upon the holding in *Sweeting v. Campbell* (1956), 8 Ill. 2d 54, 132 N.E.2d 523, is misplaced. In that case, the writing included a provision for a mortgage but failed to indicate a maturity date. Under those facts, the court appropriately held that the writing was indefinite. The present writing simply does not provide for any purchase money mortgage.

Defendants next maintain that the Statute of Frauds bars the action since the general partner, Christoph, lacked the requisite written authority to sell the property. At the outset, we reject plaintiff's argument that defendants have waived the issue. Defendants proposed it in their memorandum in support of their section 48 motion to dismiss, and the issue was presented to the trial court.

Defendants rely primarily upon a provision in the partnership agreements between the partners which restricts the authority of a general partner to convey the partnership property. The restriction provides that the general partner may not sell the real estate without approval of a

majority of the limited partners. Plaintiff counters by citing portions of the statutes governing limited and general partnerships in Illinois which confer authority on each partner to bind the partnership in sales of real estate.

Limited partnerships are creatures of statute. (*Allen v. Amber Manor Apartments Partnership* (1981), 95 Ill. App. 3d 541, 420 N.E.2d 440.) Unlike a general partnership, a limited partnership cannot be created by informal agreement; its existence depends upon compliance with the Uniform Limited Partnership Act. (Ill. Rev. Stat. 1979, ch. 106½, par. 44 *et seq.*; *Allen v. Amber Manor Apartments Partnership*.) A certificate of partnership must be signed by all the partners and filed in the county of the partnership's principal place of business. (Ill. Rev. Stat. 1979, ch. 106½, par. 45.) The purpose of the certificate is to give notice to third persons "of the essential features of the limited partnership." (*Allen*, at 548.) Under the Act, to which the Uniform Partnership Act applies (see Ill. Rev. Stat. 1979, ch. 106½, par. 6), any partner possesses authority to convey real property in the partnership name. (Ill. Rev. Stat. 1979, ch. 106½, par. 10(1).) Each partner is agent of the partnership and, when acting in furtherance of partnership business, he binds the entire partnership unless he in fact lacks authority and the third person with whom he deals has knowledge of his restricted authority. (Ill. Rev. Stat. 1979, ch. 106½, par. 9(1).) Where the sale of the realty is not apparently in furtherance of partnership business, however, a partner may not bind the partnership to such a sale "unless authorized by the other partners." Ill. Rev. Stat. 1979, ch. 106½, par. 9(2).

■■ We believe that a certificate of limited partnership necessarily incorporates the terms of the statutes which govern its existence, and that the signatures of the partners on the certificate constitute written assent to the provisions thus incorporated. Hence, where a sale of real estate is transacted by a partner for "apparently carrying on in the usual way" partnership business, the certificate of partnership is a sufficient written authorization of agency under the Statute of Frauds, unless the party in fact lacks authority and the third party knows it. Similarly, since the partners by their signatures on the certificate agree to the terms of the statutes, a sale by a partner outside the usual course of the partnership business but which in some manner has been authorized by the other partners also binds the partnership. The Statute of Frauds is again satisfied by the signing of the certificate.

■■ Applying these principles to the present case, we hold that issues of fact exist which require a trial. The first issue of fact in this regard is whether the sale of the subject real estate was an act "apparently carrying on in the usual way the business of the partnership." (Ill. Rev. Stat. 1979, ch. 106½, par. 9(1).) The certificates of the limited partnerships state that

the nature of each is to "acquire, own and operate certain real estate * * * and the doing of any and all things incidental thereto and any other business related thereto, or rights therefrom." Partnership Concepts is a developer which is in the business of forming limited partnerships for the acquisition and sale of land, and it formed the two defendant limited partnerships. It is also uncontroverted that the general partner who transacted the letter of intent with plaintiff is a general partner in Partnership Concepts as well as in the limited partnerships. Yet, defendants maintain that the sale of the land was not within the ambit of the partnerships' usual business. For purposes of section 9(1), however, the issue is not whether the land sale was in fact an ordinary act of the partnerships, but instead, whether the sale was apparently an act in furtherance of the partnership business. The issue of fact must be determined at trial.

The second issue of fact is whether plaintiff had knowledge of the restriction of authority in the partnership agreement. The parties' affidavits are in conflict, and it is a matter for the trier of fact. Finally, an issue of fact exists as to whether, if the sale occurred outside the scope of the partnerships' business, the other partners nevertheless authorized the sale. Defendants point to the partnership agreements which expressly restrict the general partners' authority to sell. Yet, "authorization" within the meaning of section 9(2) need not be in writing (*Murray v. Korshak* (1964), 52 Ill. App. 2d 119, 201 N.E.2d 737), and it is the terms of section 9 to which the partners in writing assented when signing the certificates. Hence, an issue of fact exists as to whether the other partners authorized Christoph in any manner to sell the subject real estate.

In light of our holding that, under certain facts, the certificates of limited partnership may constitute a sufficient written authorization to satisfy the Statute of Frauds, the cases upon which defendants rely are readily distinguishable since in each there lacked a writing independent of the sales contract. *Dineff v. Wernecke* (1963), 27 Ill. 2d 476, 190 N.E.2d 308; *Volumut v. Bern* (1931), 346 Ill. 619, 179 N.E. 84; *Flannery v. Marathon Oil Co.* (1979), 75 Ill. App. 3d 690, 394 N.E.2d 706.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings consistent with the holdings of this opinion.

Reversed and remanded.

RIZZI, P. J., and WHITE, J., concur.