VENTURE ASSOCIATES CORPORATION, a Tennessee Corporation, Plaintiff–Appellant,

v.

ZENITH DATA SYSTEMS CORPORATION, a Delaware Corporation, Defendant–Appellee.

No. 92–2512.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 4, 1992.

Decided March 2, 1993.

As Amended March 5, 1993.

Tobin M. Richter (argued), Donald L. Johnson, Chicago, IL, for plaintiff-appellant.

Thomas F. Bush, Jr., Saunders & Monroe, Chicago, IL, Craig A. Newman (argued), Michael D. Schissel, Arnold & Porter, New York City, for defendant-appellee.

Before CUMMINGS and CUDAHY, Circuit Judges, and LAY, Senior Circuit Judge.[*]

CUDAHY, Circuit Judge.

For almost a year, Venture Associates Corporation (Venture) and Zenith Data Systems Corporation (Zenith) attempted to negotiate a sale of the Heath Company (Heath), a subsidiary of Zenith. Following preliminary negotiations, the parties agreed to a "letter of intent," proposed by Venture, which provided that they would continue to negotiate in good faith and that the proposed sale was "subject to the preparation and execution of a mutually satisfactory Purchase Agreement." [1] Appellant's Br. at A21–A22. Negotiations progressed. In October 1991, after the parties had exchanged several drafts of a proposed

---

[*] The Honorable Donald P. Lay of the United States Court of Appeals for the Eighth Circuit is sitting by designation.

1. The parties reiterated: "It is understood that this is merely a letter of intent subject to the execution by Seller and Buyer of a definitive Purchase Agreement ... [and, except for the duty to negotiate in good faith,] does not constitute a binding obligation on either of us." Appellant's Br. at A21.

Venture questions whether the parties actually agreed to the letter of intent, while reserving the right to argue that, if they did, Zenith breached its obligation to negotiate in good faith. Appellant's Br. at 13–19. Zenith admittedly did not accept the letter of intent in the

manner specified, i.e., by signing it and returning it to Venture. In a letter dated June 11, 1991, however, Zenith accepted "in principle ... the terms and conditions" of Venture's letter of intent. Zenith simply supplied a time frame for the parties' detailed negotiations and proposed other rather technical provisions. Although this letter was effectively a counteroffer, it did incorporate by reference all of the principal provisions of the original letter of intent, including presumably the obligation to negotiate in good faith and the requirement that the parties commit any sales agreement to writing. Venture's letter of June 12, 1991, accepted Zenith's counteroffer without modification and thus bound the parties to a preliminary agreement.

agreement, Zenith refused to proceed unless the purchase price was increased by $3.5 million. Negotiations broke down shortly thereafter and a sale was never completed. Zenith continues to own Heath.

Venture filed suit in the United States District Court for the Northern District of Illinois alleging a breach of contract and of the promise to negotiate in good faith. Jurisdiction was properly predicated upon the diversity of citizenship between the parties. Venture averred that, even though the parties had never signed an agreement, they had "manifested mutual assent by documents and oral communications" and further alleged that Zenith was thus contractually obligated to complete the sale of Heath. Complaint ¶ 10. Zenith moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. Zenith attached to its motion copies of three letters referred to in Venture's complaint. Venture did not respond directly to the motion to dismiss but instead proffered its own motion to exclude the documents attached to Zenith's motion. The district court denied Venture's motion to exclude and granted Zenith's motion to dismiss. 812 F.Supp. 788 (1992). Venture appeals and we now affirm in part.

## I. Motion to Exclude

█ Venture first argues that the district court impermissibly considered the documents appended to Zenith's motion to dismiss because they are extraneous to the pleadings and thus were not properly before the court. Venture relies upon Federal Rule of Civil Procedure 12(b), which provides in pertinent part:

> If, on a motion asserting the ... failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56....

Rule 12(b) is mandatory; consequently, if documents outside of the pleadings are placed before a district court, and not excluded, the court must convert the defendant's 12(b)(6) motion to one for summary judgment and afford the plaintiff an opportunity to submit additional evidentiary material of his or her own. *Carter v. Stanton*, 405 U.S. 669, 671, 92 S.Ct. 1232, 1234, 31 L.Ed.2d 569 (1972) (per curiam); *Beam v. IPCO Corp.*, 838 F.2d 242, 244–45 (7th Cir.1988).

█ On the other hand, Federal Rule of Civil Procedure 10(c), which provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes," is permissive in nature. A plaintiff is under no obligation to attach to her complaint documents upon which her action is based, but a defendant may introduce certain pertinent documents if the plaintiff failed to do so. *Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 879 n. 3 (1st Cir.1991) (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1327 at 762–63 (2d ed.1990)). Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim. *See Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.*, 805 F.2d 732, 739 n. 12 (7th Cir.1986), *cert. denied*, 482 U.S. 915, 107 S.Ct. 3188, 96 L.Ed.2d 676 (1987). *See also Field v. Trump*, 850 F.2d 938, 949 (2d Cir.1988), *cert. denied*, 489 U.S. 1012, 109 S.Ct. 1122, 103 L.Ed.2d 185 (1989); *Fudge v. Penthouse Inter., Ltd.*, 840 F.2d 1012, 1015 (1st Cir.), *cert. denied*, 488 U.S. 821, 109 S.Ct. 65, 102 L.Ed.2d 42 (1988).

Application of these principles to the present facts demonstrates that the district court properly denied Venture's motion to exclude. In its complaint, Venture referred to seven documents, including Zenith's original offer to sell Heath and various pieces of correspondence between the parties. Zenith attached to its motion to dismiss Venture's proposed letter of intent and the related letters by which the parties agreed to be bound by its terms, all of which were referred to in the complaint. Complaint ¶¶ 6–7. These documents are central to Venture's claim as they consti-

tute the core of the parties' contractual relationship. *See infra* Part II. As a result, the district court did not err in refusing to exclude the attached documents nor in considering Zenith's motion as one for dismissal for failure to state a claim rather than one for summary judgment.

## II. Motion to Dismiss

A motion to dismiss should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir. 1988). Venture maintains that the parties had entered into a binding agreement to buy and sell Heath, notwithstanding their failure to execute a "definitive Purchase Agreement" as required by the preliminary agreement. Venture argues that the parties' continuing negotiations resulted in a binding agreement in September 1991 when they exchanged a proposed purchase agreement. We disagree. Venture did not accept the proposed agreement, but "returned [it] ... with proposed minor, non-substantive changes on it in writing...." Complaint ¶ 9. This conduct did not create a binding contract between the parties. Because Illinois law demands that an acceptance "comply strictly with the terms of the offer," *Ebert v. Dr. Scholl's Foot Comfort Shops, Inc.*, 137 Ill.App.3d 550, 92 Ill.Dec. 323, 330, 484 N.E.2d 1178, 1185 (1st Dist.1985), Venture's modifications of Zenith's proposed agreement, however minor, precluded formation of a contract at that point. Indeed, Venture's changes created a counteroffer which Zenith never accepted. *See* Complaint ¶ 10. In sum, for reasons independent of the parties' failure to execute a final sales agreement, the exchange of documents in September 1991 did not create contractual liability.[2]

The only other source of potential contractual liability in this case is the parties' preliminary agreement itself. In June 1991, the parties agreed in principle to the terms and conditions that would be part of a sales agreement concerning Heath. They did not, however, actually reach a final agreement to buy and sell Heath, but rather agreed to continue negotiations. Venture's original letter of intent, which became part of the parties' preliminary agreement, *see supra* note 1, clearly contemplated that additional steps had to be undertaken before a contract to sell Heath would be effected. Illinois law recognizes the prerogative to agree to further negotiations, even after most essential contract terms have been settled, while remaining free to back out of a pending deal until the occurrence of some later event. *See Inland Real Estate Corp. v. Christoph*, 107 Ill. App.3d 183, 63 Ill.Dec. 9, 11, 437 N.E.2d 658, 660 (1st Dist.1982). *See also Empro Mfg. Co., Inc. v. Ball-Co Mfg., Inc.*, 870 F.2d 423, 426 (7th Cir.1989) ("Illinois ... allows parties to approach agreement in stages, without fear that by reaching a preliminary understanding they have bargained away their privilege to disagree on the specifics.").

Whether negotiating partners have reached such an agreement to continue their discussions, or have in the alternative entered into a binding contract pertaining to the substance of their negotiations, is a question of their intent. *Inland Real Estate*, 63 Ill.Dec. at 11, 437 N.E.2d at 660. This intent is an objective concept, disclosed, at least in most instances, by the words used in the parties' agreement. *Empro*, 870 F.2d at 425. Here Venture and Zenith specified that any final agreement was subject to "the preparation and execution of a mutually satisfactory Purchase Agreement."[3] This clearly evinces an in-

---

2. Venture argues that even if the district court properly considered the documents attached to Zenith's motion to dismiss, it erred in consulting the various proposals exchanged in September 1991 since neither party had submitted them to the court. With respect to these documents, however, the district court relied solely on facts gleaned from Venture's complaint, thus fulfilling its obligation to take as true all of the plaintiff's well-pleaded allegations. *See* 812 F.Supp. at 790–91.

3. The parties twice conditioned the sale of Heath on the execution of a final purchase agreement. Moreover, they provided explicitly for the contingency that the parties would not sign such an agreement. Zenith's Brief in Support of Motion to Dismiss, Exh. B, ¶ 8 ("If the

tent not to be bound to the purchase and sale of Heath until agreement had been reached on all details and a comprehensive contract signed. Venture has failed to allege the existence of an executed final agreement, most likely because one does not exist. As a result, the district court properly dismissed Venture's complaint to the extent it states a claim for breach of an agreement to sell Heath.

 Venture goes on to argue that, if the parties are bound by a preliminary agreement, they were compelled to negotiate in good faith and that Zenith's last minute increase in the sales price constituted a breach of that obligation. Zenith maintains that this argument has been waived. We agree with Venture that the parties' preliminary agreement did require good faith negotiation, *see supra* note 1, and find that although Venture has approached the outer limits of waiver, it has preserved this point on appeal. Venture alleged that "[t]he letter of intent expressly provided that the parties would negotiate in good faith." Complaint ¶ 6. Also, in support of its motion to exclude, Venture stated: "[T]he letter [of intent] in the instant case requires the parties to negotiate in good faith. Breach of this obligation is alleged in the complaint and is a basis of recovery." Venture's Reply Brief in Support of Motion to Exclude at 7. These few rather poorly developed allegations come close to being the sort of vague references that are inadequate to preserve a point for appeal. *See Dale v. Chicago Tribune Co.,* 797 F.2d 458, 466 n. 15 (7th Cir.1986), *cert. denied,* 479 U.S. 1066, 107 S.Ct. 954, 93 L.Ed.2d 1002 (1987). But given the posture of this case, as well as the liberal federal pleading rules, we think that the issue is properly before us.

To satisfy our pleading requirements, Venture needed only to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed.R.Civ.P. 8(a). The averments in Venture's complaint that the parties had

agreed to negotiate in good faith and that Zenith acted in bad faith, *see* Complaint ¶ 15, satisfy this requirement. Because injecting new demands, such as an increase in price, late in the negotiating process can constitute bad faith in some circumstances, *see, e.g., Evans v. Tiffany,* 416 F.Supp. 224, 239–40 (N.D.Ill.1976) (applying Illinois law), we cannot say beyond a doubt that Venture could prove no facts that would entitle it to relief under this theory. Consequently, the district court's dismissal of the complaint is reversed to the extent it states a cause of action for failure to negotiate in good faith under the parties' preliminary agreement, and the cause is remanded for further proceedings not inconsistent with this opinion.

AFFIRMED in part, REVERSED in part and REMANDED for further proceedings.

---

acquisition contemplated hereby shall not become effective for any reason, each of the par-

ties hereto shall pay its own expenses.").