# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10904
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2014

Lyle W. Cayce
Clerk

RASHIDA MITCHEM; LAKENDRICK BERRY,

Plaintiffs-Appellants,

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, a/k/a Fannie Mae;
BAC HOME LOANS SERVICING, L.P., formerly known as Countrywide
Home Loans Servicing, L.P.; E-LOAN INCORPORATED,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:12-CV-1762

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

This appeal involves the foreclosure of real property in Dallas, Texas owned by Plaintiffs-Appellants Rashida Mitchem and Lakendrick Berry ("Plaintiffs"). Plaintiffs challenge the district court's dismissal of their claims based upon its adoption of the Magistrate Judge's Findings, Conclusions, and Recommendation. We affirm the district court for the reasons that follow and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

those stated in the Magistrate Judge's Findings, Conclusions, and Recommendation.

Plaintiffs purchased the subject property in January 2004. In October 2007, Plaintiffs refinanced their mortgage loan on the property with E-Loan and executed a promissory note in the amount of $98,500, and a deed of trust securing the note. In May 2010, Plaintiffs defaulted on the loan by failing to make timely payments. On June 23, 2010, the note and deed of trust were assigned to Defendant BAC Home Loans Servicing, L.P. ("BOA").[1] On August 2, 2010, BOA foreclosed on the property due to Plaintiffs' default. Defendant Fannie Mae purchased the property at the foreclosure sale.

In October 2012, Plaintiffs filed their First Amended Complaint, asserting causes of action for (1) breach of contract, (2) wrongful foreclosure, (3) tortious interference with contract, (4) quiet title, and (5) a suit for declaratory judgment. On January 4, 2013, Defendants filed a motion to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs did not respond to the motion. The district court granted the motion, and dismissed all of Plaintiffs' claims with prejudice, by adopting the Magistrate Judge's Findings, Conclusions, and Recommendation.

Plaintiffs appeal the dismissal of their claims for breach of contract and declaratory relief. First, they argue that Defendant BOA was the "first breacher" of the deed of trust because it failed to comply with certain provisions of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA"), prior to Plaintiffs' default. Second, Plaintiffs contend that the

---

[1] Bank of America ("BOA") is BAC's successor by merger in this matter. Therefore all claims against BAC are considered as if they were asserted against BOA.

No. 13-10904

Magistrate Judge improperly treated the Defendant's 12(b)(6) motion as a motion for summary judgment.

The Magistrate Judge concluded that the allegations in Plaintiffs' complaint failed to raise a reasonable inference that any purported "first breach" by BOA was material.[2] Plaintiffs admitted they ceased performing their obligations under the deed of trust in May 2010, approximately two years after the alleged breach occurred, by failing to submit timely payments. Thus, the Magistrate Judge recommended dismissal of their claim for breach of contract for failure to state a claim.[3] We agree with the Magistrate Judge's conclusion, and the district court did not err when it adopted the Magistrate Judge's recommendation.

Plaintiffs next argue that the Magistrate Judge erred by treating the 12(b)(6) motion as a motion for summary judgment. This argument is without merit. The Magistrate Judge was careful to consider only the pleadings when it considered the motion to dismiss by looking at the documents attached to the complaint,[4] the documents attached to the motion to dismiss which were referred to in the complaint and central to Plaintiffs' claim,[5] as well as taking judicial notice of matters of public record.[6]

---

[2] Plaintiffs alleged that Defendants failed to furnish timely notice of assignment of their loan, and provided incomplete information about their escrow account.

[3] *See Mustang Pipeline co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 196 (Tex. 2004).

[4] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

[5] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

[6] *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).

No. 13-10904

We therefore AFFIRM the district court for the reasons stated above and for the reasons stated by the Magistrate Judge in his Findings, Conclusions, and Recommendation.

AFFIRMED.